The People ex rel. Abram J. Miller, Respondent, *v.* Hillyer Ryder, as County Treasurer, etc., Appellant.

While the legislature has power to change rules of evidence and to provide other and new remedies, laws of this character, intended to have a retroactive operation, must be strictly construed, especially in so far as they provide for the vesting of property.

The provision of the Code of Civil Procedure (§ 841, as amended by chap. 40, Laws of 1889), providing that whenever in an action of partition any portion of the proceeds of sale of the lands has been paid into court or to the county treasurer for any unknown heirs, and remains unclaimed for twenty-five years, such unknown heirs will be presumed to be dead, in any action or proceeding for the distribution and paying over of such proceeds, refers only to unknown heirs who were presumed to be living at the time the money was so paid in, and under said section said unknown heirs may be presumed to have continued to live for twenty-five years after the payment, during which time new heirs may have come into existence, and these may not be presumed to be dead at the expiration of that period.

The provision, therefore, of said Code (§ 1582, as amended by chap. 39, Laws of 1889), authorizing the Special Term in an action for partition, in which a portion of the proceeds of a sale has been paid into court or deposited with the county treasurer for unknown heirs and twenty-five years have elapsed without any claim being made therefor by any person entitled thereto, " to decree that such unclaimed portion of such proceeds was vested at the time of such payment in the known heirs of the common ancestor of such unknown heirs and their heirs and assigns," is unconstitutional, as it authorizes the court to divest unknown heirs who may exist and who are not presumed to be dead, and to vest other and different persons with said fund, and thus deprives persons of their property without due process of law.

*People ex rel. Miller* v. *Ryder* (58 Hun, 407), reversed.

(Argued March 4, 1891; decided March 17, 1891.)

APPEAL from order of the General Term of the Supreme Court in the second judicial department, made December 8, 1890, which affirmed an order of the Special Term directing a peremptory writ of mandamus to issue to the defendant requiring him to pay over certain moneys in obedience to an order theretofore made in an action brought to partition real estate in which Matilda Cree was plaintiff and Cornelius Griffen and others were defendants.

The facts, so far as material, are stated in the opinion.

*Clayton Ryder* for appellant. The fund in question is the proceeds of a sale of real estate in partition. At the time of sale it was vested in the descendants of Deborah Ann McCormick, whose names and places of residence were unknown, and, aside from the effect of the statutes of 1889, it remained vested in them, and the persons claiming through them, and so remains to the present time. (*Robinson* v. *McGregor*, 16 Barb. 531; *Horton* v. *McCoy*, 47 N. Y. 21; *Sweezy* v. *Thayer*, 1 Duer, 286; *Graham* v. *Dickinson*, 3 Barb. Ch. 169; *People* v. *O'Brien*, 111 N. Y. 1, 57.) The effect of chapter 39 of the Laws of 1889, under which the fund is now claimed, is to take the title to the fund from the McCormick branch and their legal representatives, and to vest the same in persons who, prior to that time, had no vested interest in it whatever. The statute thereby affects substantial rights and is contrary to the constitutional provision that no person shall be deprived of his property without due process of law. (Const. N. Y. art. 5, § 6; *Burr* v. *Sim*, 4 Whart. 150; *Hopewell* v. *DePinna*, 2 Camp. 113; *Dean* v. *Bittner*, 77 Mo. 101; *Eagle* v. *Emmett*, 4 Brad. 117; *Whiting* v. *Nicholl*, 46 Ill. 235; *Clarke* v. *Canfield*, 15 N. J. Eq. 119; *White* v. *White*, 26 Me. 361; *Merritt* v. *Thompson*, 1 Hilt. 550; *Puckett* v. *State*, 1 Sneed, 355; Wood's Best on Ev. 524; *Taylor* v. *Porter*, 4 Hill, 157; *Wilkinson* v. *Leland*, 2 Pet. 657; 2 Kent's Comm. 13, 340; *Westervelt* v. *Gregg*, 12 N. Y. 212; *Rockwell* v. *Nearing*, 35 id. 302; *Stuart* v. *Palmer*, 74 id. 183; *Remsen* v. *Wheeler*, 105 id. 573; *City of Detroit* v. *D. & F. P. Co.*, 43 Mich.

140 ; *Dash* v. *Van Vleeck*, 7 Johns. 477 ; *People* v. *O'Brien*, 111 N. Y. 1, 58 ; *Waltermire* v. *Westover*, 14 id. 16 ; *Johnson* v. *A. & S. R. R. Co.*, 54 id. 427 ; *Howard* v. *Moot*, 64 id. 268.) Chapter 40 of the Laws of 1889, raising the presumption of the death of the unknown heirs after twenty-five years, is unconstitutional, and unavailable in this proceeding, so far as it forms a step in the scheme to appropriate their property. (*Hand* v. *Ballou*, 12 N. Y. 541 ; *People* v. *Turner*, 117 id. 233 ; *Cummings* v. *State*, 4 Wall. 277, 325, 329 ; *People ex rel.* v. *Albertson*, 55 N. Y. 50, 55, 57, 67 ; *In re Jacobs*, 98 id. 98 ; *People ex rel.* v. *Allen*, 42 id. 404, 412, 413.)

*Abram J. Miller* for respondent. The proceeding is valid and the order should be sustained. (Code Civ. Pro. § 841.) Section 1582 of the Code of Civil Procedure, under which the order herein was made, is constitutional. (*Hand* v. *Ballou*, 12 N. Y. 541 ; *People* v. *Turner*, 117 id. 223 ; *Mongeon* v. *People*, 55 id. 613 ; *People ex rel.* v. *Spicer*, 99 id. 233 ; *Howard* v. *Moot*, 64 id. 268.

HAIGHT, J.   Lewis B. Griffen died intestate seized of real estate in Putnam county. Subsequently and in September, 1862, an action was brought for the partition thereof and such proceedings were had thereon that in April, 1863, a judgment for the sale thereof was entered and on or about the nineteenth day of December thereafter the same was sold and the sum of $6,480, or one-fifth of the net proceeds of the sale was brought into court and deposited with the treasurer of the county of Putnam as the share of the unknown heirs of Deborah Ann McCormick, a deceased sister of the said Lewis B. Griffen. On the 8th of February, 1890, the relator and others presented a petition to the Supreme Court representing that more than twenty-five years had elapsed since the payment of the before-mentioned sum into court ; that no claim had been made therefor ; that due inquiry for such unknown heirs had been made and none found, and prayed that such fund with the accumulations thereon may be distributed among the known heirs of

Deborah Ann McCormick. Thereupon a decree was made by the court declaring that such unclaimed proceeds with the accumulations of interest thereon amounting to the sum of eighteen thousand dollars was vested at the time of the payment into court of such proceeds in such known heirs. The decree further provided for the distribution of such proceeds among such heirs specifying them by name and the treasurer was directed to pay over such fund to the persons named. The treasurer having refused to make such payment the mandamus in question was issued.

Section 1582 of the Code of Civil Procedure, as amended by chapter 39 of the Laws of 1889, provides as follows: " Where. a person has been made a defendant as an unknown person;. or where the name of a defendant is unknown ; or where the summons has been served upon a defendant without the state, or by publication, and he has not appeared in the action ; the court must direct his portion to be invested in permanent securities, at interest, for his benefit, until claimed by him or his legal representatives. But after the lapse of twenty-five years from the time of the payment into court, or to the treasurer of any county, of any portion of the proceeds of the sale of real property for unknown heirs, in any action of partition, without any claim therefor having been made by a person entitled thereto, and upon there being made and presented to the court, at a Special Term thereof, proof, by petition or otherwise, showing to the satisfaction of the court, that due inquiry for such unknown heirs has been made, and that no claim has been made for such portion of said proceeds by any person entitled thereto, the said court shall have power to decree that such unclaimed portion of such proceeds was vested at the time of such payment, in the known heirs of the common ancester of such unknown heirs, and their heirs and assigns, and shall make an order in such action, directing the payment to them, or their assigns, of the respective shares or portions of, or interests in, such proceeds, to which they are entitled; and upon serving on the county treasurer a certified copy of such order, the treasurer shall so pay over and distribute the same,

after deducting his lawful commissions, and shall thereupon be exempt from all liability on account thereof."

And section 841, as amended by chapter 40 of the Laws of 1889, among other things, provides as follows: "And where, in any action of partition in this state, any portion of the proceeds of the sale of real property is, or has been, paid into court, or paid to the treasurer of any county, for any unknown heirs, and is unclaimed for twenty-five years, the lapse of twenty-five years after such payment raises the presumption of the death of such unknown heirs, and they are and shall be presumed to be dead in any action or proceeding for the purpose of distributing and paying over such proceeds."

Undoubtedly these provisions of the Code should be construed together, and we do not question but that the legislature has power to change rules of evidence as they have previously existed, and to provide other and new remedies. (*People* v. *Turner*, 117 N. Y. 227–233; *Howard* v. *Moot*, 64 id. 262; *Hand* v. *Ballou*, 12 id. 541; *Rexford* v. *Knight*, 11 id. 308.)

But laws of this character which were intended for retroactive operation should be strictly construed, especially in so far as they provide for the vesting of property.

At the time the money was brought into court, under the decree in the partition action, the presumption existed that there were unknown heirs then living of Deborah Ann McCormick. Under the provisions of section 841 it will be observed that such unknown heirs are presumed to be dead after the lapse of twenty-five years, but the provision only covers the unknown heirs that were presumed to be living at the time the money was paid to the treasurer. Heirs of such heirs may exist, and under the provisions they cannot be presumed to be dead. A person is presumed to be living until the time fixed by the statute in which he shall be presumed to be dead. (Lawson on Presumptive Evidence, 200.)

The unknown heirs, therefore, who were presumed to be living at the time of the payment to the treasurer are presumed to have continued to live for twenty-five years there after, during which time many new heirs may have come into existence.

Under the provisions of section 1582 of the Code the court is given power to decree that such fund was vested at the time of such payment in the unknown heirs of the common ancestor, thus authorizing and empowering the court to divest the unknown heirs that may exist and who are not presumed to be dead, and to vest other and different persons therewith.

This would be violative of the constitutional provision which inhibits the deprivation of persons of their property without due process of law.

Had the legislature provided that after the lapse of twenty-five years it should be presumed that there were no unknown heirs living at the time the money was paid to the treasurer, a different question would have been presented.

The order appealed from should be reversed and the application for a mandamus denied, with costs in this court and the General Term, together with fifty dollars costs in the Special Term to the defendant.

All concur.

Order reversed.