THE PEOPLE OF THE STATE OF NEW YORK ex rel. ESTHER JANE GRIFFIN, Respondent, v. HILLYER RYDER, as County Treasurer of the County of Putnam, Appellant.

*Partition — moneys paid to a county treasurer for unknown heirs — presumption as to their death — proceedings to withdraw the money — section 1582 of the Code of Civil Procedure is unconstitutional.*

In 1863, pursuant to the decree in an action for partition, certain moneys were deposited with a county treasurer for the unknown heirs of Deborah Ann McCormick, deceased, a defendant in such action. In September, 1891, certain of the known heirs of the deceased took proceedings, under section 1582 of the Code of Civil Procedure, as amended in 1891, to have this fund paid over to certain known heirs. The county treasurer refused to obey an order directing the payment of the fund to known heirs upon the ground that said section 1582, and also section 841 of the Code of Civil Procedure, as amended in 1891, which creates a presumption of the death of the unknown heirs at the time of the decree, where such a fund has not been claimed after the lapse of twenty-five years, were unconstitutional.

On appeal from an order, granting a peremptory *mandamus* requiring him to make such payment, it was

*Held,* that the legislature had power to enact that from the lapse of time, and the failure of any person to claim such a deposit, it should be presumed that an unknown class was a class which did not exist at the time of the decree in partition.

That section 1582 was unconstitutional, however, because, although it provided for notice of the application to the unknown heirs by publication, it required no notice to the known heirs or their successors in interest.

That it was unconstitutional for the further reason that it provided that distribution should be made to the known heirs, their heirs and assigns, and forbade distribution to the next of kin, distributees or representatives of such heirs.

That the legislature had not power to change the nature of property, the title to which was already vested, by directing that, whatever was its character, it must pass to heirs, thereby excluding devisees and the next of kin.

Appeal by the defendant Hillyer Ryder, as county treasurer of the county of Putnam, from an order of the Supreme Court, granted on the 2d day of April, 1892, and entered in the Putnam county clerk's office, ordering that a writ of *mandamus* issue directing him to pay to the relator and others, in the proportions named in said order, certain moneys in his custody.

In 1863 certain moneys were deposited with the county treasurer of Putnam county, pursuant to a decree duly entered in an action of partition then pending in the Supreme Court, in which Matilda Cree was plaintiff and Cornelius Griffin and others were defendants, which moneys represented the share of the unknown heirs of Deborah Ann McCormick, deceased, whose names and places of residence were stated to be unknown. In September, 1891, some of the known heirs of Deborah Ann McCormick took proceedings, under section 1582 of the Code of Civil Procedure, as amended in 1891, to have the share of the unknown heirs paid to them, and such an order was made. This order the county treasurer refused to obey upon the ground that sections 841 and 1582 of said Code, as amended in 1891, were unconstitutional. Upon his refusal Esther Jane Griffin, a child of Cornelius Griffin, a known heir of Deborah Ann McCormick, in March, 1892, instituted this proceeding for a *mandamus* to compel payment.

*Clayton Ryder*, for the appellant.

*Abram J. Miller*, for the respondent.

CULLEN, J.:

This is an appeal from an order directing a writ of *mandamus* to issue to the appellant commanding him to pay over moneys deposited in a partition suit to the credit of unknown heirs, in accordance with a decree of distribution under section 1582, Code of Civil Procedure.

There had been made a previous decree of distribution under this section as it stood in 1890. The appellant refused to comply with it and was upheld in his refusal by the Court of Appeals (124 N. Y., 500), which held the provisions of this section unconstitutional and void. This section and section 841, Code, were amended in 1891 (chapters 364 and 365), and thereupon a new proceeding was instituted and another order of distribution made. The appellant refuses compliance, contending that the provisions of section 1582 are still invalid.

We believe that it is within the power of the legislature, in the case of an unclaimed deposit of this character, to enact that from the lapse of time and failure of any person to appear and make

claim, it shall be presumed that an unknown was a non-existing class at the time of the decree, and to provide by appropriate proceedings for a distribution of the fund among the persons who would have been entitled to it if there had been no such unknown persons, if reasonable notice be provided for and an opportunity be afforded to all persons in interest to appear and protect their rights.

But we think that there are two fatal objections to the validity of the proceedings authorized by the section named. Two classes of persons are described, the unknown heirs and the known heirs. Known heirs are those persons who are known and whose right to inherit, or the extent of whose right to inherit is dependent on the non-existence of other persons nearer or as near to the ancestor in the line of descent. In default of appearance by any unknown heir, the court is to order a distribution among the known " heirs, their heirs and assigns, * * * and not next of kin, distributees or representatives * * * of the respective shares or portions of or interest in such proceeds to which they are entitled."

The order or decree, therefore, determines the rights of the known heirs among themselves. The statute provides for notice of the application to the unknown heirs by publication, but no notice whatever upon the known heirs or their successors in interest is provided for. It is entirely possible that such known heirs may not have been parties to the original suit, and certainly the judgment in partition did not and could not determine the rights even of the parties to it in the share deposited. The legislature could not empower the court to adjudicate the rights of these persons in any proceeding of which they are to be given no notice and to which they are not parties. The importance of notice appears in this very case when we consider the second objection to this statute, the parties among whom it provides the distribution is to be made.

By the statute the distribution is to be to the known heirs, their heirs and assigns, and not to the next of kin, distributees or representatives. The only theory on which this proceeding, in its main scope and object, can be considered a valid exercise of legislative power, is that the known heirs were, as a matter of fact and law, at the time of the judgment and sale, entitled to the share deposited; that the judgment awarded the share to a class of persons which did

not exist, in consequence of ignorance of such non-existence, and failed to award to the known heirs what was really their own; that now lapse of time and the non-appearance of any such class of unknown persons has proved the fact, which did not then appear, and by the decree of distribution the error of fact in the original judgment is corrected.

Therefore, the interest of any known heir in this fund was his property, and upon his death passed like other property, according to its nature, whether real or personal, either by will or by the statutes of distribution or descent, and the title of his successors in interest could not be divested by the legislature. If such interest was land, then it would pass by will to the devisees. But this statute directs that it shall be paid to the heir or assignee and creates a *quasi* estate-tail during the time of the deposit, subject, possibly, to be defeated by assignment. The only way to avoid this objection would be to construe assignee as including devisee. This is not, however, the theory on which the Special Term proceeded. In the order of distribution it is recited as to some of the original heirs that they died intestate, but as to others merely that they died leaving certain heirs, and the distribution is to such heirs. But the shares in this fund of the known heirs, who were adults at the time of the judgment and sale, were not in law realty, but personalty. (*Sweezy* v. *Thayer*, 1 Duer, 286, opinion, 308.) It may be that as to sales subsequent to the statute, or even where the death of one of the original heirs was subsequent to that time, the legislature could make a rule for the succession upon death of property of this character, *sui generis*, and applicable to such property alone. But surely it cannot divest the next of kin or the devisee of property thitherto vested in them.

The order appealed from should be reversed and the application denied, with fifty dollars costs and disbursements.

Bᴀʀɴᴀʀᴅ, P. J., concurred; Dʏᴋᴍᴀɴ, J , not sitting.

Order reversed and application denied, with fifty dollars costs and disbursements.