THE PEOPLE ex rel. P. J. MARSH, Appellant, v. FRANK CAMPBELL, as Comptroller, etc., Respondent.

On application to the state comptroller under the statute (§§ 68, 69, 70, chap. 427, Laws of 1855) for the redemption of a tract of land containing 5,455 acres, sold for unpaid taxes, it was claimed by the appellant that one D. had been an actual occupant of part of said land during the two years subsequent to the delivery of the comptroller's deed, and no notice to redeem had been served upon him. It appeared that D. occupied a loghouse on an island in a lake included in the tract as a hunting camp at irregular intervals, and without any use of the mainland, except to roam over it in pursuit of game. *Held*, that this did not constitute actual occupancy within the meaning of the statute, and so that the application was properly denied.

The application was made by one M.; the papers did not show that he had any interest in the premises. *Held,* that the provision of the act (§ 70) providing that "the occupant or any other person  *  *  *  may redeem the said land," did not permit a stranger to the title to intervene, but only included "any other person" having, or claiming in good faith to have, such substantial interest in the premises as would entitle him to redeem; and so, that the applicant was not entitled to redeem.

(Argued October 8, 1894; decided October 16, 1894.)

APPEAL from order of the General Term of the Supreme Court in the third judicial department, made November 22, 1892, which affirmed a determination of the comptroller of the state of New York denying an application for the redemption of certain lands from a sale for unpaid taxes.

The facts, so far as material, are stated in the opinion.

*A. D. Wait* for appellant. The denial by the comptroller of relator's application to redeem was erroneous, and should be reversed. The application should have been granted. (2 R. S. [8th ed.] 1137, 1141; Laws of 1891, chap. 21; *Bush* v. *Davidson,* 16 Wend. 550–553; *Leland* v. *Bennett,* 5 Hill, 286; *Bank of Utica* v. *Merserau,* 3 Barb. Ch. 531, 581, 582; *Smith* v. *Sanger,* 3 Barb. 360; *Lucas* v. *McEnema,* 19 Hun, 14; *Hand* v. *Ballou,* 12 N. Y. 542; *Calkins* v. *Chamberlain,* 37 Hun, 163; *Smith* v. *Sanger,* 4 N. Y. 576; *Thompson* v. *Burhans,* 79 id. 95; *Stewart* v. *Crysler,* 100 id. 378; *Tweed* v. *Metcalf,* 4 Mich. 586; *Callanan* v. *Raymond,* 75 Iowa, 307; *C. H. L. Co.* v. *Randall,* 82 id. 89; *Regina* v. *P. A. Co.,* L. R. [2 Q. B. Div.] 588; *Rush* v. *Davidson,* 16 Wend. 550; *Comstock* v. *Beardsley,* 15 id. 348, 349.) The comptroller was mistaken in assuming that the precise point under the statute of 1885 had never been decided by the courts. (Laws of 1850, chaps. 108, 298, §§ 86, 92; 1 R. S. [6th ed.] 967, §§ 113–118; 2 id. [7th ed.] 1030, §§ 68–74.) The right to redeem the lands in question upon the terms prescribed by the law is by the express terms of the statute given to any person. (*In re N. Y. C. & H. R. R. R. Co.,* 90 N. Y. 342.)

*T. E. Hancock, Attorney-General,* for respondent. The contention of relator that the land in question was occupied and consequently the comptroller was required to serve notice upon the occupant, is erroneous. (Laws of 1855, chap. 427, § 68; 2 R. S. [8th ed.] 1141.) The land in question was not in the actual occupancy of any person, and notice to redeem was not required to be served by the comptroller. (*Comstock* v. *Bradley,* 15 Wend. 348; *Smith* v. *Sanger,* 4 N. Y. 577; *Churchill* v. *Onderdonk,* 59 id. 134; *Brister* v. *Burr,* 120 id. 427; *Miller* v. *L. I. R. R. Co.,* 71 id. 380; *Price* v. *Brown,* 101 id. 669; *Roberts* v. *Baumgarten,* 110 id. 380; *Shaver* v. *Magraw,* 12 Wend. 558; *Lane* v. *Gould,* 10 Barb. 254; *Redfield* v. *U. & S. R. R. Co.,* 25 id. 54; *Miller* v. *Downing,* 54 N. Y. 631; *Governeur* v. *N. I. Co.,* 11 N. Y. Supp. 87; *Roe* v. *Strong,* 107 N. Y. 350; *Greenleaf* v. *B. F. C. I. Co.,* 141 id. 395.) The writ of certiorari herein should be quashed for the reason that the party applying for same was not entitled to review the determination of the comptroller. (Code Civ. Pro. § 2127.)

BARTLETT, J. This is an appeal from an order of the General Term, third department, upon certiorari to review a determination of the comptroller of the state of New York denying an application for the redemption of certain lands sold for unpaid taxes, affirming the decision of the comptroller. The tax sale of some five thousand four hundred and fifty-five acres in Hamilton county took place in 1881, and premises were bid in by the People of the state. A subsequent tax sale of a larger tract of land in 1885 included the same premises as sold in 1881, and the People of the state were the purchasers at the sale. The comptroller conveyed to the People, under separate deeds, the premises sold at each of these sales. The relator seeks to redeem the five thousand four hundred and fifty-five acres, upon the ground that one Alvah Dunning had been the actual occupant of a part of said premises from 1875 to a period subsequent to the delivery of the comptroller's deeds, and that no notice had been served upon said occupant affording the opportunity to redeem as

:required by law.  (Ch. 427, Laws 1855, §§ 68, 69, 70 ; 2 R. S. [Banks' 8th ed.] 1141.)

The decision of the General Term, that the occupancy by Dunning of a loghouse located on a island in the Eighth lake of the Fulton chain as a hunting camp, at irregular intervals and without any use of the mainland, except to roam over it in pursuit of game, did not constitute actual occupancy under the statute, meets with our approval, and we should adopt the opinion below did we not deem it our duty to call attention to an additional reason for affirming the order appealed from.

The application to redeem the premises in question was made to the comptroller by P. J. Marsh, the relator, who signs the same "P. J. Marsh, Agt." The application does not disclose that Marsh had any interest in the premises sought to be redeemed, nor does the record show the meaning of the word "Agt." after the signature of the relator to the application to redeem. The relator's right to intervene is rested upon section 70 of chap. 427, Laws 1855, already referred to. This section reads : "The occupant or any other person may, at any time within the six months mentioned in such notice, redeem the said land," etc. It is insisted that the proper construction of this section entitles any person to redeem, although an entire stranger having no interest in the premises.

This section admits of no such construction, and its general phraseology was designed to include any other person than the occupant having, or claiming in good faith to have, such substantial interest in the premises as would entitle him to redeem. The pernicious practice that obtains of permitting a stranger to the title to intervene and set the machinery of the comptroller's office in motion in order that he may redeem lands sold for taxes has no foundation in law.

We affirm this order on the grounds that no part of the premises sought to be redeemed had an actual occupant in contemplation of law, and that the relator has no legal standing in this proceeding and is not entitled to redeem.

The order should be affirmed, with costs.

All concur.

Order affirmed.