ROSENBLUM v. EISENBERG.

(Supreme Court, Appellate Division, Second Department. January 24, 1908.)·

1. VENDOR AND PURCHASER—UNMARKETABILITY OF TITLE—BURDEN OF PROOF.
    One who has agreed to purchase land and objects that the title is un-
    marketable has the burden of showing the unmarketability.

2. SAME—QUESTION OF FACT.
    The materiality of an objection of one who has agreed to purchase land:
    that the title is unmarketable is a question of fact, to be determined from·
    all the circumstances.

3. EVIDENCE—PRESUMPTIONS—CONTINUANCE OF LIFE.
    One living January 5, 1887, is presumed to have been alive in Octo-·
    ber, 1887, in the absence of proof to the contrary.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 15, Death, § 1.]

4. TAXATION—SALE—PERSONS ENTITLED TO REDEEM—WIFE.
    An inchoate right of dower is not such an estate as gives a wife the·
    right to redeem land sold for taxes, within Laws 1885, p. 699, c. 405, § 7,·
    authorizing the redemption by persons having an estate in the land sold..

5. VENDOR AND PURCHASER—TITLE—MARKETABILITY.
    A mere possibility that notice of the sale of land for taxes was not
    given the owner as expressly required by Laws 1885, p. 699, c. 405, § 7,·
    is not sufficient to render the marketability of the title doubtful.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 48, Vendor and·
    Purchaser, §§ 245, 246.]

6. TAXATION—TAX DEED—GRANTEE—PURCHASERS—DEVISEES.
    Under Laws 1885, p. 698, c. 405, § 6, providing for the delivery of a·
    tax deed to the purchaser, his "legal representatives" or assigns, a deed:
    is properly delivered to the sole devisee of the purchaser's estate, the·
    quoted term not being necessarily confined to executors, administrators,
    etc.
    [Ed. Note.—For other definitions, see Words and Phrases, vol. 5, pp..
    4070–4079; vol. 8, p. 7704.]

Submitted controversy between Marcy Rosenblum and Louis Eisen-·
berg. Judgment for defendant.

Argued before WOODWARD, JENKS, GAYNOR, RICH, and:
MILLER, JJ.

Samuel A. Telsey, for plaintiff.
Max E. Lehman, for defendant.

JENKS, J. This is a controversy submitted. The defendant·
agreed to convey to plaintiff certain premises in the borough of Brook-
lyn by warranty deed of full covenants, free of incumbrances, save a.
mortgage. The plaintiff objects to the title, which was derived through
a tax sale for arrears, pursuant to chapter 405, p. 696, of the Laws of¯
1885.

There are two objections. First, it is contended that the tax sale·
was defective, in that notice of sale was not given to the owner or to·

those who under him had the right of redemption from the sale.   Section 7 of the said statute provides that:

"Any person or persons having an estate in or any mortgagee of any of the lands and premises sold in pursuance of the fifth section of this title, whose estate or lien appears of record in the county of Kings, may, at any time before the expiration of one year after notice shall have been given to him of such sale, by the purchaser or his assigns in the manner hereinafter provided, or before a deed of said premises shall have been delivered as provided in section six of this title, redeem said lands and premises by paying to the registrar of arrears for the use of the purchaser [certain specified sum]."

The same section provides that such notice shall be in writing, and further provides for the details of the service thereof.   There is a further provision that:

"When any person entitled to redeem or to have notice under this section, or his name, or part of his name, or his place of residence remains unknown to the purchaser or his assigns, after diligent inquiry, or where such person, being a resident of this state, is and has been for six months continuously absent from the state, or avoids service, so that personal service cannot be made, an order for the service of such notice by publication may be made by a judge of any court of record, residing in the county of Kings, upon a petition of said purchaser or his assigns, and upon proof satisfactory to the judge by affidavit or otherwise, that proper and diligent effort has been made to serve such notice upon such person"

—and, generally speaking, of the failure to serve such notice.   The particulars of the publication are likewise prescribed so as "to give notice to the person intended to be notified by such description or designation, if his name be unknown, as the judge shall direct, for a specified time.   It is also required that "a certified copy of such order and a copy of such notice with proof of the publication thereof, in pursuance of such order, by affidavits made by some of the publishers of the respective newspapers designated," etc., be filed in the office of the registrar of arrears, and thereupon such notice becomes a public record, and "shall be prima facie evidence in all courts and places of the due service of such notice upon the person or persons specified in such order; and upon filing said affidavits such service shall be deemed complete and shall have the same effect as personal service of such notice." Section 6 of the act requires, after presentation of the certificate of sale and proof of the service of the notice of such sale upon the owner and mortgagees of the said lands and premises, the registrar of arrears, after the expiration of one year from the date of such service, to execute and deliver to the purchaser on a sale, his legal representatives or assigns, a deed for said lands and premises, and it is enacted such purchaser, his legal representatives or assigns, shall take a good and sufficient title in fee simple absolute to the property sold, of which the said deed shall be presumptive evidence.   "And in any proceeding or action to be by such purchaser, his heirs, legal representatives or assigns, taken, prosecuted, or defended for the recovery of the possession of the property so sold as aforesaid, or in the establishment or defense of his or their title shown as aforesaid, by such deed, such title shall not fail or be defeated by reason of any irregularity or formal defect in the procedure taken under this act, upon which such sale shall have been made or such title conveyed as aforesaid."

At the time of the said tax sale the fee of the premises was vested in Francesco Augero, who held the same free and clear of all incumbrances, except the taxes for which the said land was sold. On January 5, 1887, the registrar of arrears sold the premises in question at public auction to Walter E. Parfitt and Henry Parfitt, the highest bidders. On October 3, 1887, the county judge of Kings county, upon proof by affidavit, which by him was declared satisfactory, that proper and diligent efforts had been made to serve an annexed notice upon Francesco Augero, his heirs or devisees, and that his and their place or places of residence and the names of said heirs or devisees cannot be ascertained, made an order which directed the service of said notice by publication, which, in accordance with the terms of that order, was directed to "Francesco Augero and to his heirs or devisees if he is dead." The certified copies of the affidavits of publication as required by the express terms of the statute were duly filed in the office of the registrar of arrears.

The point of the first objection made by the plaintiff is that the notice of sale as published to Francesco Augero and his heirs or devisees, if he is dead, did not give notice to all persons entitled to receive notice. It is contended that his wife and his legal representatives are not designated in any way, and hence they never received even constructive notice; and, not having received any notice, their title was never divested. The burden of proof of proving the unmarketability of the title rests upon the objector (Greenblatt v. Hermann, 144 N. Y. 13, 38 N. E. 966; Ruff v. Gerhardt, 73 App. Div. 245, 76 N. Y. Supp. 743), and the materiality of the objection is a question of fact to be drawn from all the circumstances (McPherson v. Schade, 149 N. Y. 16, 43 N. E. 527). The only person entitled under the statute to redeem this property from the tax sale was one having an estate in or any mortgagee of any of the lands and premises. It is agreed that at the time of the sale the fee of the premises was vested in Francesco Augero. The presumption of his life continued. People ex rel. Miller v. Ryder, 124 N. Y. 500–504, 26 N. E. 1040. There is no suggestion in any of the papers submitted on the application for the order of publication that Augero was dead. There is no suggestion, much less proof, in the record that Augero was dead at the time of the service of the notice. If he was alive at the time of the service of the notice, his was the only estate or interest in the land appearing of record. There is no proof that he ever had a wife. Even if he had a wife living at the time of the notice, she was not entitled to notice, for she had no right to redeem. An inchoate right of dower was not such an estate or interest in the premises as was within the statute. People ex rel. McColgan v. Palmer, 10 App. Div. 395, 41 N. Y. Supp. 760. The objection, then, of the plaintiff is but the mere suggestion of a possibility, not founded upon any facts or derivable from any facts, but contrary to them. It is not enough to render the marketability of the title doubtful. See Maupin on the Marketability of Title, p. 707.

The second objection arises from the following circumstances: One of the purchasers at the tax sale died on June 1, 1888, leaving a will which was duly admitted to probate. The will devises and bequeaths all of the estate of the testator, real and personal, to his wife, Emeline

Parfitt, absolutely. The deed made by the registrar of arrears, pursuant to the statute, was to Walter E. Parfitt, one of the purchasers, and to Emeline Parfitt, devisee of Henry Parfitt, deceased. There is no question but that at the time that Parfitt died all the interest in the premises acquired by him by virtue of the tax sale and the proceedings therein was in him exclusively. But Emeline Parfitt was not the executor nominated in the last will and testament of Henry Parfitt. The point made is that inasmuch as section 6 of the said statute provides that the registrar of arrears shall execute and deliver the deed "to the purchaser on such sale, his legal representatives or assigns," in order to divest the record owner, the registrar must conform to this provision, that he had no power to give a deed to any one else, and that Emeline Parfitt does not fall within the descriptive term, "purchaser, legal representatives or assigns." I think that there is no force in this objection, but that the term "legal representatives" authorized the execution of the deed to Emeline Parfitt. The term under the authorities is not necessarily confined to the artificial representatives, like executors or administrators, who represented the deceased in distinction to heirs, but may refer to heirs and devisees as well. Griswold v. Sawyer, 125 N. Y. 411, 26 N. E. 464. In Lessee of Rice v. White, 8 Ohio, 216, the Supreme Court of Ohio held that a certificate of sale of land for taxes after the death of the holder passes to the heirs at law, and that, when the act provided that such certificate shall be assignable by law and vest in the assignee or his legal representative all the right and title of the original purchaser, the term "legal representative" was the heir to whom the realty descends. See, too, 2 Blackwell on Tax Titles, § 963, and note 1, citing cases; Black on Tax Titles, p. 312. As to the construction of the term "legal representatives," see, further, Morehouse v. Phelps, 18 Ill. 472; Mutual Life Ins. Co. v. Armstrong, 117 U. S. 591, 6 Sup. Ct. 877, 29 L. Ed. 997; Duncan's Lessee v. Walker, 1 Yeates (Pa.) 213; Commonwealth v. Bryan, 6 Serg. & R. (Pa.) 81; Wamsley v. Crook, 3 Neb. 344; Lee v. Dill, 39 Barb. 521.

Judgment for the defendant, without costs. All concur.