Meier Steinbrink, Spec. Ref.
This is an action pursuant to article 15 of the Real Property Law to compel the determination of claims to real property located in Suffolk County. The facts have been stipulated and are not in dispute; there is solely an issue of law.
On March 4, 1948 one Anthony Funk, being then the owner of the real property in question, died testate. By his will, probated March 8, 1948, his residuary estate which included this real property was devised to one Emma Gerow who was not a distributee. Emma Gerow died intestate on September 7, 1950 and letters of administration on her estate were not issued until January 14, 1954 and then to the Public Administrator of Westchester County.
In November 21, 1950 a sale was held for the nonpayment of the 1949/1950 taxes; one Salomon was the purchaser, and on May 12, 1953 he assigned to defendant Stein, who thus became the owner of the tax certificate.
On September 26, 1953 plaintiff obtained a deed to the property from two of the sons of Anthony Funk, the deceased former owner. This deed was recorded on November 21, 1953. It is stipulated “ that at the time of the execution, delivery and recording of this deed, neither * * * held title to the premises ”, nor were they distributees of Emma Gerow, deceased.
On November 19, 1953, two days before the expiration of the three-year period of redemption, plaintiff paid to the County Treasurer of Suffolk County and the latter accepted the full amount required to redeem from the tax sale of November 21, 1950. It is stipulated that on said date the plaintiff ‘ ‘ did not have title to the property sought to be redeemed as owner, nor was she a lessee, mortgagee, or occupant ”.
The County Treasurer notified defendant Stein of the payment and requested him to surrender the tax sale certificate for payment, which Stein refused to do, claiming that plaintiff was not entitled to redeem. On January 19, 1954 Stein, through his attorney, demanded of the County Treasurer a deed of the premises but none has been delivered.
Plaintiff, on May 20, 1954, entered into a contract with the administrator of the estate of Emma Gerow to purchase the *93 property subject to the approval of the Surrogate’s Court. The sale was approved and a deed dated November 12, 1954 was duly delivered to plaintiff and recorded November 19,1954.
There was another sale — for unpaid 1950-1951 taxes — on November 8, 1951. Defendant Stein became the owner of the tax certificate of this sale as well as the prior sale. Plaintiff, on October 13,1954, paid to the County Treasurer and the County Treasurer accepted the amount required to redeem from the 1951 sale.
While plaintiff did not obtain the deed from the administrator until November 12, 1954, subsequent to the second tax sale, she was the purchaser under contract and thus, in any«event, had a sufficient interest in the property to permit her to redeem. Thus, if the first redemption on November 19, 1953 be valid, plaintiff must prevail and defendant Stein so concedes.
Simply stated, the issue is whether the tax sale of November 21, 1950 became final and the holder of the tax certificate entitled to a deed after November 21, 1953 or whether the payment by plaintiff on November 19, 1953 was effective and the tax certificate thus discharged.
The Suffolk County Tax Act (§ 49; L. 1920, ch. 311, as amd. by L. 1929, ch. 152) provides, so far as material:
“ § 49. When owner may redeem. The owner of, or any person interested in, or having a lien upon, any real estate sold for taxes and assessments as aforesaid, may redeem the same at any time within thirty-six months after the date of such sale * * *. In case such payment be made to the county treasurer, he shall receive the same for the benefit of the holder of the tax certificate thus discharged, and shall give notice thereof to the purchaser ’ ’.
Defendants claim that plaintiff, on November 19, 1953, was not entitled to redeem; that she was not one of those specifically mentioned in the above statute, and that only such a person could properly pay to the County Treasurer the amount required to redeem. Plaintiff claims that anyone may tender payment to the County Treasurer and that, in any event, when payment is accepted by the County Treasurer the owner of the property may take advantage of the redemption to protect his property; that the tax certificate is thus discharged; that while a volunteer making payment acquires no interest in the property or in the tax certificate, it inures to the benefit of the owner. She argues that it is similar to a volunteer paying a tax oñ a stranger’s property, the tax being paid and extinguished thereby. Incidentally, it is stipulated that ‘ ‘ at all times plaintiff acted in her own behalf and not as agent for anyone else.” *94 Both sides rely strongly upon the case of Matter of Blatnicky v. Ciancimino (206 Misc. 916, affd. 1 AD 2d 383, affd. 2 N Y 2d 943). The Blatnichy case (supra) involved a similar but different tax statute. There the property was in Rockland County and sales there were governed by section 152 of the Tax Law. Property in Suffolk County is expressly excepted from the operation of the general statute and the special Suffolk County Tax Act applies.
There were two grounds for affirmance in the Appellate Division (the affirmance in the Court of Appeals was unanimous but without opinion): the first was upon the ground that by the amendment, by chapter 89 of the Laws of 1930 the words “ owner, occupant or any other person having an interest in any real estate sold for taxes ’ ’ then in section 152 of the Tax Law were changed to the " owner, occupant or any other person may * * * redeem any real estate sold for taxes ”. The fact that the words “ having an interest ” were eliminated was held to show an intention by the Legislature to change the rule in People ex rel. Marsh v. Campbell (143 N. Y. 335) where it was held that a stranger to the title might not redeem and that only a person having or claiming in good faith to have an interest in the property would be entitled to redeem. The second ground is stated in the opinion by Wenzel, J., in the Blatnicky case 1 A D 2d 383, 386 (supra), as follows: “ Even if we assume that the County Treasurer had no right to accept the sum tendered for redemption without proof that the law firm was actually authorized to redeem by an heir or heirs of the record owner or by other persons having a bona fide interest in the property, the fact remains that the sum tendered was accepted by the County Treasurer. Even if the person redeeming had no interest in the property, the owners could take advantage of the redemption to protect their title. The heirs were not required to offer to redeem when such an offer might well have been refused on the ground that redemption had already taken place. To hold that a redemption order may be vacated by a County Treasurer or that the redemption may be held to be invalid on the ground that it had not been authorized by an interested party, although the sum prescribed by statute was timely tendered to, and accepted by, the County Treasurer, might put an owner’s title under a cloud and would add another element in the uncertainty of titles (see, e.g., People ex rel. Chase v. Wemple, 144 N. Y. 478, 482). In that case, it was held that the comptroller, having made a redemption order although an alleged occupancy was disputed by the relator, had no power to vacate the redemption order; that ‘the latter authority would *95 keep the owner’s title under a continual cloud; for if, notwithstanding his redemption, it is subject to be annulled and vacated by the order of the comptroller very little of protection or security has been gained.’ ”
It seems to me that the instant case comes squarely within this holding. Even if plaintiff had no right to redeem, the County Treasurer, as in the Blatnicky case (supra) accepted the payments tendered by plaintiff. The statute (Suffolk County Tax Act, § 49) states that in case payment be made to the County Treasurer he shall receive it for the benefit of the holder of the tax certificate thus discharged. If the tax certificate is thus discharged the holder cannot be entitled to a deed of the property. The owner of the real estate, here the estate of Emma Gerow, could take advantage of the payment to protect the title. Additional payment by the heirs might have been refused by the County Treasurer. When plaintiff subsequently acquired record title she got the benefit of the payment, but had she not purchased the property from the estate, she would have been out her payment to the County Treasurer.
I find as a matter of law that the payment to and acceptance by the County Treasurer of the tender made by plaintiff on November 19, 1953 was a redemption for the benefit of the owner; that defendant Stein thereafter did not become entitled to a deed from the County Treasurer, and that plaintiff is entitled to judgment as prayed for in the complaint, without costs.
While it is not essential to a determination of plaintiff’s rights to the property, I further find that the payment by her on November 19,1953 was proper and that the County Treasurer properly accepted the same. I am fully aware that People ex rel. Marsh v. Campbell (143 N. Y. 335, supra) seems to be to the contrary, but I believe that case is distinguishable and not applicable to the facts of this case.
There the tax sales were held in 1881 and 1885 and the property was bid in by the People of the State. The premises, were conveyed to the People by deeds. The relator there sought to redeem and to obtain title to the premises. The court there said (p. 338): “ The pernicious practice that obtains of permitting a stranger to the title to intervene and set the machinery of the comptroller’s office in motion in order that he may redeem lands sold for taxes has no foundation in law.” The 1855 statute (L. 1855, eh. 427, § 70) there involved read, in part: “ The occupant or any other person may * * * redeem the said land ” and even though the words “ having an interest in the real estate ” were not in the 1855 statute, it was held to mean that *96 only an occupant or one claiming in good faith to have a substantial interest in the property might redeem.
I believe the real distinction is that the payment here involved is a payment on behalf of the legal owner before conveyance and which does not directly benefit one not then having an interest in the property whereas the redemption by a stranger, criticized by the Court of Appeals, was one whereby the machinery of the comptroller’s office was set in motion so that the stranger might obtain a deed.
While the Legislature might well consider the passage of an amendment to the Suffolk County Tax Law similar to the amendments to section 152 of the Tax Law to remove any doubt as to the applicability of the holding in Matter of Blatincky v. Ciancimino (supra) to payment by a volunteer, I believe reason and authority require that such a payment be deemed proper and the acceptance thereof by the County Treasurer valid; otherwise, there is an unreasonable burden upon the County Treasurer to question every payment tendered to him in redemption of a tax sale to determine whether the person so tendering payment has an interest in the property.
Judgment accordingly. Settle judgment on notice.