■ In the Matter of ROSELLE TEPERMAN, Appellant, against ATCOS BATHS, INC., Respondent.— In a proceeding by a stockholder and officer of a corporation to inspect its books and records, the appeal is from an order granting in part and denying in part, without a hearing, the petition. Order reversed, without costs, and application remitted to the Special Term for determination after a hearing of the issues of fact as to (a) whether appellant is still president of respondent, and (b) whether appellant makes this application in good faith and for a proper purpose. In our opinion, the record presents issues of fact as to whether appellant is still president of respondent, and as to whether she seeks this inspection in good faith and for a proper purpose. These fact issues should be resolved at a hearing before this application can be determined (*Matter of Schulman* v. *Dejonge & Co.*, 270 App. Div. 147; *Matter of Schwartz* v. *Travelers Hotel*, 5 A D 2d 880; *Matter of Carthage Paper Makers* v. *Mutual Box Bd. Co.*, 2 A D 2d 175). If appellant is still president of respondent, she has an absolute, unqualified right to inspect respondent's books and records (cf. *Matter of Davis* v. *Keilsohn Offset Co.*, 273 App. Div. 695; *Matter of Rubin* v. *Oboler*, 285 App. Div. 953). As a stockholder, she has a common-law right of inspection, if it is sought in good faith and for a proper purpose (*Matter of Steinway*, 159 N. Y. 250; *Matter of Durr* v. *Paragon Trading Corp.*, 270 N. Y. 464; *Matter of Schulman* v. *Dejonge & Co., supra*). Nolan, P. J., Wenzel, Beldock, Ughetta and Kleinfeld, JJ., concur.

■ MARGARET JOHNSON, Respondent, v. MARTIN STEIN, Appellant, et al., Defendants.— In an action to compel the determination of claims to certain real property (Real Property Law, art. 15) the appeal is from so much of a judgment entered after trial before a Special Referee as awarded the possession of the real property to the respondent and directed the appellant to deliver to the defendant certain tax certificates relating to the property to be marked surrendered and redeemed. Judgment insofar as appealed from affirmed, with costs. No opinion. Beldock, Acting P. J., Ughetta, Hallinan and Kleinfeld, JJ., concur; Murphy, J., dissents and votes to reverse the judgment insofar as appealed from and to dismiss the complaint, with the following memorandum: When respondent on November 19, 1953 purported to redeem the property from the tax sale of November 21, 1950, she had no interest therein. She had no status, therefore, to effectuate such redemption within the limitation of section 49 of the Suffolk County Tax Act (L. 1920, ch. 311, as amd. by L. 1929, ch. 152) as either the owner, a person interested in or one having a lien upon the property (*People ex rel. Marsh* v. *Campbell*, 143 N. Y. 335). Two days after the invalid redemption, appellant was entitled to a deed. He demanded such deed in January, 1954. He is in legal effect the owner of the property. In consequence, the subsequent attempt by respondent in October, 1954 to redeem the property from the tax sale of November 8, 1951 cannot be upheld. Again, the respondent was neither owner, person interested in nor one having a lien upon the property. [10 Misc 2d 91.]