Van Voobhis, J.
This action is brought under article 15 of the Real Property Law to compel the determination of claims to title to a parcel of real property in Babylon, Suffolk County. It had been owned by one Anthony Funk, who died in March, 1948. His distributees were his children, who supposed that their father had died intestate and that they had inherited his real estate. Instead, he left a will devising the real property in suit to a woman named Emma Gerow of White Plains, who died in 1950. Letters of administration on her estate were issued to the Public Administrator. Plaintiff-respondent at first purchased from Funk’s children, believing them to be the owners, and later acquired title from the estate of Emma Gerow by a deed from the Public Administrator approved by the Westchester County Surrogate. Meanwhile a tax title was incubating in defendant-appellant.
Appellant bases his claim to title on a sale for nonpayment of the 1949-1950 taxes. The three-year period of redemption expired November 21,1953. Two days previously, on November 19,1953, respondent paid and the County Treasurer accepted the *415 full amount required to redeem these premises from this tax sale. This payment, within the statutory redemption period, was made by respondent after she had received her deed from Funk’s children (who had no title to convey) and before she had obtained title from the estate of Emma Gerow. Appellant insisted unsuccessfully before Referee Steotbbiitk and the Appellate Division that, although the redemption money was paid to the County Treasurer before the period to redeem had expired, redemption was ineffectual for the reason that the money was paid by the wrong person. The same contention is made in this court.
Section 49 (added by L. 1929, ch. 152) of the Suffolk County Tax Act (L. 1920, ch, 311) provides insofar as material: ‘1 § 49. When Owner May Redeem. The owner of, or any person interested in, or having a lien upon, any real estate sold for taxes and assessments as aforesaid, may redeem the same at any time within thirty-six months after the date of such sale * * *. In case such payment be made to the county treasurer, he shall receive the same for the benefit of the holder of the tax certificate thus discharged, and shall give notice thereof to the purchaser ”.
Appellant relies on Matter of Blatnicky v. Ciancimino (206 Misc. 916, affd. 1 A D 2d 383, affd. 2 N Y 2d 943). There a petition in an article 78 proceeding was dismissed for an order directing a County Treasurer to deliver a tax deed to the purchaser of a tax sale certificate under the general Tax Law. The purchaser of the tax certificate did not claim to have acquired title by redemption, but, as on the instant appeal, he tried to perfect his title by overcoming the effect of payment of the redemption money by another person before the time to redeem had expired. The tax certificate holder was not allowed to defeat redemption there, nor should he be allowed to do so here. The words “ any other person ”, used in a tax sale statute to describe a person authorized to redeem, have been held not to authorize redemption for the benefit of a stranger to the title (People ex rel. Marsh v. Campbell, 143 N. Y. 335, 338). In Matter of Blatnicky v. Ciancimino (supra) it was held, however, that a stranger to the title could redeem within the time limit- for. the benefit of the owner, at least where the County Treasurer accepted payment which was not disavowed by the *416 owner. Blatnicky was decided under section 152 of the general Tax Law, after it had been amended in 1930 so as to omit “ having an interest in any real estate sold for taxes ” as a qualification of a person entitled to redeem. Omission of this phrase put section 152 of the Tax Law in virtually the same form as the statute that was under consideration in People ex rel. Marsh v. Campbell (supra) which provided that the occupant or “ any other person ’ ’ might redeem. Since the 1930 amendment to section 152 of the Tax Law conformed it substantially to the statute underlying People ex rel. Marsh v. Campbell, it is not probable that the 1930 amendment to section 152 overruled that authority. The Marsh decision, and others like it, would prevent a tax title from being invalidated on the ground that notice of the sale was not given to one claiming to have been an owner or occupant who proved not to have been an owner or occupant, and would prevent a stranger to the title from acquiring title by redemption due to having had a merely colorable interest to protect. The same has been held in the case of an endeavor by a wife to redeem on the basis of her inchoate right of dower (Rosenblum v. Eisenberg, 123 App. Div. 896). Those consequences ensue, even under a broadly worded statute. In the Marsh and Rosenblum cases, however, the time to redeem had expired, and the issue resolved itself into whether the person then attempting to redeem had such an interest in the property as to have invalidated the tax sale by entitling him or her to notice of the sale which was not given. Notice was held not to have been required for the reason that the person seeldng to redeem lacked such an interest in the property as to be entitled to be notified. Consequently he could not extend the time in which to redeem, and, being a stranger to the title, he could not at any time redeem for himself. It is quite clear that the omission in 1930 from section 152 of the Tax Law of the qualifying words “ having an interest in any real estate sold for taxes ” did not require notices of tax sales to be given to strangers nor did it entitle strangers at any time to redeem in their own interests. Neither the presence nor absence of those words in the statute, upon the other hand, would preclude an owner or other person interested in a parcel of real property sold for taxes from taking advantage of a redemption payment made in his behalf by a *417 stranger to the title, which has been accepted by the County Treasurer.
The argument for appellant is based on the circumstance that section 49 of the Suffolk County Tax Act retains words purporting to qualify the persons who may redeem which are similar to those which were eliminated from section 152 of the general Tax Law in 1930. It is argued that the presence of the words ‘ ‘ any person interested in, or having a lien upon, any real estate sold for taxes ” in the Suffolk County Act prevents an owner from taking advantage of a redemption payment accepted by the County Treasurer from a stranger to the title within the redemption period. We think that these words do not have that effect. They may have been omitted by the Legislature from section 152 of the Tax Law in order to leave no doubt that timely redemption by a stranger does redound to the benefit of the owner, but we consider that their presence in section 49 of the Suffolk County Tax Act does not have an opposite effect. Although respondent had no title when she paid the tax redemption money, she later obtained title from the record owner, viz., by deed from the administrator of Emma Gerow, approved by the Surrogate. As a stranger, respondent prevented appellant from perfecting his tax title by herself paying the arrearage within the redemption period, but she did not acquire title by paying these tax arrears. Her payment redounded to the benefit of the legal owner. She kept the title alive in the estate of Emma Gerow, which made it possible for Gerow’s estate later to deed it to her.
The judgment appealed from should be affirmed, with costs.
Chief Judge Conway and Judges Desmond, Dye, Fuld, Froessel and Burke concur.
Judgment affirmed.