By the Court. Bosworth, J.
The gist of the complaint is, that the plaintiff sold and delivered to the defendants certain wines, for which they owed a balance of $121 and interest on that sum, from April 7, 1852.
If it had affirmatively appeared on the trial that the defendants had never been partners, the plaintiff would still have been entitled to recover on proof of a purchase by the defendants jointly, and of a delivery to them.
It is not expressly averred that the defendants were partners, or were doing business as such under a copartnership or firm name of “ John Cook & Son.”
But it is distinctly alleged that the plaintiff “sold and delivered to the defendants.”
This the defendants deny. If the substantial issue is simply whether there was a sale and delivery to the defendants, the evidence given did not prove the fact of such a sale and delivery. That showed that John Cook ordered the wines for, and in "the name of John Cook & Son, and that they were delivered at the store of John Cook & Son. Ho proof was offered to show what person was described by the word “ son,” and the defendants offered to prove that John W. Cook was not, and never had been, a member of that firm. This evidence was objected to, and rejected by the court, and to the decision the defendants excepted.
The plaintiff insists that the objection taken is a technical one. Perhaps it may be said that it is, at least, as technical to insist that the phrase “ under their firm name of John Cook & Son,” is not only equivalent to an express allegation that the *164 defendants were partners doing business under that name, but is such an allegation of the fact, that the defendants are precluded from proving the contrary, notwithstanding the plaintiff could recover, whether that is or is not true, on proving a purchase by the defendants jointly.
Proving a purchase by John Cook in the name of John Cook & Son, and that the defendants constituted that firm, would prove a purchase by the defendants.
If the complaint had alleged expressly a sale and delivery to a firm doing business under the name of “ John Cook & Son,” that the defendants at the time composed such firm, and the answer had simply denied the sale and delivery, proof of a sale and delivery to the firm would have been sufficient to entitle the plaintiff to recover. An omission to deny that the defendants constituted the firm, would have been an admission of the fact, for the purposes of the action.
Assuming that the facts offered to be proved and rejected could have been established, this case shows a recovery obtained against parties who never contracted with the plaintiff, and on whose credit he never parted with his property, for the reason that the complaint contains an allegation that the defendants composed the firm, and they have precluded themselves from proving the contrary by not denying that allegation in their answer.
I think an unanswered allegation, which is to result in such consequences, should be direct and positive. That one, which at most merely implies a fact, or justifies an inference, that such is or will be claimed to be the fact, should not be so construed, especially in a case in which proof of the fact, is not essential to the plaintiff’s right to recover, and in which he may recover under the positive allegations contained in the complaint, although such fact may be disproved.
Logically speaking the question is, did the plaintiff sell or deliver goods to the defendants ? If he did and the credit has expired, they are liable for the amount unpaid. The fact that they were partners at the time may be an important item of evidence to prove that the sale and delivery was to them. But proof of it is not essential to a recovery, and one may be had ' though the fact was otherwise.
*165 An omission to deny “ material allegations” in a complaint admits them to be true for the purposes of the action. (Code, § 168.) The question occurs, what are material allegations within the meaning of that rule ? I think none should be held to be of this character which will not prevent a plaintiff from recovering if proved to be untrue, or which, when denied, he is not obliged to prove to. entitle himself to a verdict.
An allegation may be material in one form of constructing a complaint, and immaterial in another, in declaring on the same cause of action.
In this case, if the complaint had stated that the defendants composed and were doing business under a firm of that name, and a sale and delivery to that firm, the allegation that the defendants composed the firm would be material in a complaint in that form. But such a complaint would not be more appropriate in form, nor as concise, as one which merely alleged a sale and delivery to the defendants. All that could be gained by one, in the form first mentioned, would be an admission of the partnership, if omitted to be controverted. When such results might follow, and a briefer trial be the consequence, a form of pleading that might produce it is not to be condemned. But such considerations are not decisive of the question.
Suppose the defendants had merely denied that, at the times in the complaint mentioned, they were, or ever had been, partners under the firm-name of John Cook & Son, or any other name, would not the plaintiffs have been entitled to judgment? The allegations of a sale and delivery to the defendants at a specific price, payments of specific sums on account, and a precise balance unpaid, would not have been controverted. Is it not clear, that, in such a case, the plaintiff would have been entitled to judgment on account of the frivolousness of the answer? If he would, it must be for the reason that the answer had put in issue an immaterial allegation, and only that.
We are quite clear that, on a complaint and answer in the form of these, the defendants xyere not precluded from showing that they were not partners at the time of the sale and delivery of the goods.
*166 . A new trial must, therefore, be granted, with costs to abide the event.