MONROE DAIRY ASSOCIATION, RESPONDENT, *v.* JOHN STANLEY, APPELLANT.

*Milk-can act — it is constitutional — effect of a mere possession of the can — knowledge by the offender that the can was on his premises not a necessary element of the offense.*

Chapter 401 of the Laws of 1887, as amended by chapter 25 of the Laws of 1890, an act passed to protect owners of milk and cream-cans, is constitutional.

The legislature has power to enact that the possession or control of such cans, without consent, shall be presumptive evidence of an unlawful use or sale.

The court, upon the trial of an action to recover a penalty under the act, refused to charge that if the defendant never knew that the can was on his premises he was not liable.

*Held,* that the refusal was correct, since the statute does not make knowledge essential to the commission of the offense.

APPEAL by the defendant John Stanley from a judgment of the Supreme Court, entered in the office of the clerk of Orange county on the 30th day of November, 1891, upon a verdict for the plaintiff for fifty dollars, rendered on trial at the Orange Circuit before the court and a jury.

*Richard J. Lewis* and *W. H. Regan,* for the appellant.

*Eugene D. Stokem,* for the respondent.

DYKMAN, J.:

This action was commenced for the recovery of a penalty of fifty dollars under chapter 401 of the Laws of 1887, as amended by chapter 25 of the Laws of 1890, entitled "An act in relation to milk-cans."

The statute, so far as it is invoked for the sustenance of this action, is this : " It is hereby declared to be unlawful for any person or persons, without the consent of the agent of the owner or owners or shipper, or shippers, to use or sell, dispose of, buy or traffic in any milk or cream-can or cans belonging to any dealer   *   *   *   having the name or initials of the owner   *   *   *   stamped, marked or fastened on such can or cans."   (Laws of 1887, § 1.)

" The fact of any person or persons, without the consent of the agent of the owner,   *   *   *   either using, selling, disposing of, buying, trafficking in, or having in his, her or their possession, or under his, her or their control, any such milk or cream-can or cans,

is presumptive evidence of the unlawful use or sale." * * * (Laws of 1887, § 2.)

" Any person or persons who shall, in violation of this act, either use, sell, dispose of, buy, traffic in, or have in his, her or their possession, any such can or cans, or who shall willfully mar, erase, or change by remarking, or otherwise, the said name or initials of any such owner or owners, dealer or dealers, shipper or shippers, so stamped, marked or fastened upon said can or cans, as in this act provided, shall be liable to a penalty of fifty dollars for any such can either so used, sold, disposed of, bought, trafficked in, or found in his, her or their possession; such penalties may be recovered by action in the Supreme Court of this State, with costs and disbursements, and the place of trial of such actions may be in the county in which the owner or owners, dealer or dealers, shipper or shippers of such can or cans may reside at the commencement of such action." (Sec. 4, as amended by Laws of 1890.)

Prior to the passage of this law the farmers of the central, southern and eastern portions of the State of New York had become largely engaged in the business of producing milk for the New York market by reason of the facilities for the rapid transportation of that article afforded by the different railroads leading to that great mart of trade.

The business required many milk-cans, at considerable expense, and the owners found by experience that their cans were not returned. Their detention became so frequent and so extensive that it could not be attributed to accident, and was evidently the result of design.

In that state of affairs application was made to the legislature for the enactment of a law which would terminate that · great and increasing evil, and the statute cited was made for that purpose.

It was evidently essential that the law should be stringent and comprehensive in its scope and operation if it accomplished the purpose for which it was designed.

Before the passage of this law it was easy and comparatively safe for a dealer in New York city to retain a milk-can, even though he did so with a felonious design, for if he was detected he could easily attribute its detention to mistake or oversight and surrender its possession.

It was, therefore, necessary to make the possession or control of cans without consent presumptive evidence of unlawful use in violation of the statute, and it was clearly within the competence of the legislature to make such a rule of evidence. (*People* v. *Turner*, 117 N. Y., 233 ; *People ex rel. Miller* v. *Ryder*, 124 id., 504.)

Turning, now, to the record in this case, we find the complaint to aver that one of the milk-cans of the plaintiff was found in the possession of the defendant at his place of business in the city of New York on the 10th day of August, 1891, and that such possession was without the consent of the plaintiff or its agent, wherefore judgment was demanded for the sum of fifty dollars, with costs.

The cause was tried at the circuit before a jury, and the plaintiff introduced testimony tending to establish the allegations of the complaint, and the defendant produced evidence tending to show that the can was not actually in his possession. The trial judge sent the case to the jury under a charge which followed the provisions of the statute and upheld them, and the jury rendered a verdict in favor of the plaintiff. The defendant has appealed from the judgment entered upon that verdict, and thus presented to us questions of law only.

The counsel for the defendant requested the court to charge the jury, that if the defendant never knew that the can was on the premises he was not liable, to which the court replied: " He is liable if it was in his possession ; I do not go further than that," and the defendant's counsel excepted.

As we have already seen, it was the design of the statute to make possession or control presumptive evidence of the unlawful use which brought liability to the penalty, without proof of wrongful or felonious intent. Neither was proof of knowledge of the presence of the can upon the premises of the defendant essential. If it was brought to his place and used in his business by his servants, the jury might well find that it was in his actual possession, and then the presumption against him was sufficient evidence of its use. The exception, therefore, presents no error. Neither is there any force in the constitutional objections raised by the defendant against the statute.

As we have already seen, this statute was demanded by the exigency which brought it into existence, and it must be permitted

the full force of all its provisions. Its operation must not be curtailed by hard cases, and it must be administered without reference to persons.

If the defendant finds himself environed by circumstances which constitute him an offender of this statute, he must accept the consequences. The plea which would excuse him would permit the escape of many persons whom the law was designed to reach. If he was as innocent as he claims to be, the exercise of proper vigilance would have prevented the introduction of the can upon his premises, and such care on the part of all persons would go far to discourage the wrongful detention of the cans.

This statute is designed for the protection of honest men against thieves and wrong-doers, and it is the duty of the courts to enforce it and not permit its evasion by specious excuses.

The record discloses no error and the judgment should be affirmed, with costs.

CULLEN, J., concurred in the result; BARNARD, P. J., not sitting.

Judgment affirmed, with costs.