County Court, Onondaga County, April, 1910.    [Vol. 67.

THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. ALLAN T. WALTERS, Respondent.

(County Court, Onondaga County, April, 1910.)

Animals — Impounding and other summary remedies — Penalties — Defenses — Intention..
Penalties — Actions for penalties — Defenses — Intention.

In an action brought under the Agricultural Law to recover a penalty against defendant for permitting a dog alleged to be owned and harbored by him to run at large and unmuzzled in the streets of a city during the pendency of a quarantine order which had been issued by the Commissioner of Agriculture of the State, it is no defense that defendant did not intend to disobey the notice published by the commissioner under section 91 of said law, as, under section 7 of said law, the doing of anything prohibited by the statute or the omission to do anything directed to be done thereby was evidence of a violation thereof, and the intent of defendant charged with a violation thereof was immaterial.

Where although defendant claimed that he had muzzled the dog, which was accompanying his wife, with a safe and suitable muzzle on the morning of the day in question, but that it came off without his knowledge and without any intent on his part to disobey the provisions of the notice issued and published by the Commissioner of Agriculture, and the jury find under instruction of the court allowing them so to do that defendant did all that a reasonable man could be expected to do in secluding and muzzling the dog, a judgment in defendant's favor will be reversed and a new trial ordered on the ground that the intent of defendant was immaterial.

APPEAL from a judgment of the Municipal Court of the city of Syracuse in favor of the defendant for costs, which judgment was entered upon the verdict of a jury; and also from an order denying the plaintiff's motion for a new trial.

David J. Enright, for appellant.

Edward C. Hyle, for respondent.

Ross, J. This action was brought under and pursuant to the provisions of the Agricultural Law to recover a penalty upon a claim that the defendant permitted a dog, which

was owned or harbored by him, to run at large and unmuzzled in the streets of the city of Syracuse during the pendency of a quarantine order which had been issued by the Commissioner of Agriculture of the State of New York on the 13th day of August, 1909.

The oral arguments and briefs of the attorneys were presented and prepared with more than usual care, it apparently being realized by them that the efficiency of the law in question is upon trial. Section 91 of the Agricultural Law provides as follows: "He (Commissioner of Agriculture) shall issue and publish a notice, stating that a specified infectious or contagious disease exists in the state or in any designated county or other geographical district of the state, and warning all persons to seclude in the premises where they may be at the time, all animals within the state or within such county or district, or an adjoining county or district, that are of a kind susceptible to contract such disease, and ordering all persons to take such precaution against the spreading of the disease, as the nature thereof may in his judgment render necessary or expedient, and which he may specify in such notice." Section 97 provides a penalty for violating, disobeying or disregarding such notice. The notice which was given by the Commissioner of Agriculture of this State contained the following: "That within this district (which included the city of Syracuse) all persons who own, have charge of or harbor dogs shall so seclude, confine, or muzzle such dogs as to make it impossible for such dogs to bite or inoculate other animals or persons. If a muzzle is used it must cover the mouth."

It appeared upon the trial that, on the 20th of October, 1909, a dog which it was claimed the defendant harbored was running at large in the city of Syracuse, unmuzzled, and at the time the dog was accompanying the defendant's wife. The claim of the defendant, in brief, is that he had muzzled the dog with a safe and suitable muzzle on the morning of the day in question and that the muzzle came off the mouth of the dog without his knowledge and without any intention on his part to disobey the provision of said notice. The trial judge held, as a matter of law, that the

defendant harbored the dog in question and that finding became the law of the case. The jury found, under the instructions of the court allowing them to so find, that the defendant did all that a reasonable man could be expected to do in secluding and muzzling the dog. This appeal presents simply the question, Is such reasonable care and want of intention to violate the statute a defense? It would seem that this inquiry is conclusively answered in the language of section 7 of the Agricultural Law, which provides as follows: " The doing of anything prohibited by this chapter shall be evidence of the violation of the provisions of this chapter relating to the thing so prohibited, and the omission to do anything directed to be done shall be evidence of a violation of the provisions of the chapter relative to the thing so directed to be done. The intent of any person doing or omitting to do any such act is immaterial in any prosecution for a violation of the provisions of this chapter." See, also, State of New York v. Hewett, 91 App. Div. 445. This was a case of an action to recover a penalty for a violation of an ordinance in relation to the sealing of weights and measures, in which the court said, with other things: "And the element of intent or wilfulness of any kind is not in this case. As the penalty prescribed is founded upon the use of a false balance, without requirement of proof of intent or guilty knowledge, proof thereof is not essential." Monroe Dairy Association v. Stanley, 65 Hun, 163. This was an action for a penalty for a violation of an act in relation to milk cans in which the court was asked to charge that, if the defendant never knew that the can was on his premises, he was not liable, which was refused. The court says (p. 166): " If the defendant finds himself environed by circumstances which constitute him an offender of this statute, he must accept the consequences. The plea which would excuse him would permit the escape of many persons whom the law was designed to reach. If he was as innocent as he claims to be, the exercise of proper vigilance would have prevented the introduction of the can upon his premises, and such care on the part of all persons would go far to discourage the wrongful detention of the cans."

" The violation of a statute consists in doing the prohibited act or in the refusal or omission to perform the required duty and not in the intent or motive by which the party is actuated." 30 Cyc. 1340.

The prevention of so fatal a malady as rabies, which is almost wholly disseminated through the agency of dogs running at large, would justify, legally and morally, highly drastic action; and provisions might be enacted and enforced much more stringent than those under consideration and yet within the scope of proper police regulation. If the courts open the door for juries to acquit because of the hardship in a particular case, the efficiency of the statute will be greatly impaired. The object of those provisions is to save human life. One such life is of more value than that of all the dogs in the quarantined district; and the efficiency of this provision should not be made to depend upon the strength of the strap or buckle holding the muzzle in place, fortified by the oath of an interested defendant, and interpreted by a sympathetic jury.

A case of great hardship may be supposed, as the willful removal of the muzzle by a third party, or the case of a dog's escaping without the fault of the owner. These cases are not here, and it is not necessary to speculate as to whether in the cases supposed the courts would construe an attempt to perform as a performance.. A dog running at large and unmuzzled is none the less dangerous, none the less likely to bite, or inoculate other animals or persons because its owner did not intend it to be unmuzzled and at large.

But there were no facts in this case for the jury, except, possibly, the fact of harboring, which is not presented. In other words, an attempt to perform, or an intention to perform, is not a compliance with the provision of the statute. Nothing will satisfy this provision but the performance. It is claimed by the learned counsel for the respondent that the court had no jurisdiction of the action, because he offered no proof to show that an infectious and contagious disease known as rabies existed in the city of Syracuse on the 23d of October, 1909, or at any other date during the term of the quarantine; and claimed upon the oral argument that,

because the notice of the Commissioner of Agriculture did not recite the existence of the proof of such disease, he and the court are without jurisdiction in the matter. It will be observed that by the provisions of section 91 of the Agricultural Law the Commissioner of Agriculture has authority to issue to the public a notice stating that a contagious disease exists, and it is not required that he shall state the facts upon which such knowledge is based. The act does not require a recital that the commissioner has made an investigation or performed any act as a condition precedent to the issuing of such notice.

All police regulations, particularly those relating to contagious diseases, are necessarily in their provisions somewhat drastic. The power to determine a condition which requires quarantine is vested in this public officer and, presumably, he has acted within the scope of his authority. See Stephen's Digest of the Law of Evidence, article 101.

Judgment reversed and a new trial to be had before the same judge at a time to be fixed in the judgment, with costs to abide event to be included in any subsequent judgment in the Municipal Court.

Judgment reversed and new trial ordered, costs to abide event.