HARRY N. VORIS, Respondent, *v.* GROVER C. SCHMALING, Appellant.

Second Department, December 20, 1918.

**Pleading — action in name of agent to recover penalties for use of milk cans in violation of General Business Law — complaint — answer denying any knowledge or information sufficient to form belief not frivolous — judgment on pleadings.**

Where in an action to recover penalties for the use and detention of milk cans in violation of the provisions of the General Business Law, the plaintiff sues upon the allegation that he was and is the duly authorized agent of the owners of the cans, and the material allegations of the complaint are that the defendant possessed, controlled, used and trafficked in the milk cans without the consent of the owners or of the plaintiff, and there is no other allegation by the plaintiff, direct or inferential, to indicate the agency or that there were ever any business relations or even acquaintanceship between the defendant and the alleged agent, an answer containing a denial of any knowledge or information sufficient to form a belief as to the allegations of the complaint is not frivolous, as the truth or falsity of the material facts alleged were not unmistakably within the knowledge of the defendant.

The averments " willfully," " knowingly " or " unlawfully " in the complaint were not material.

If the defendant put in issue the material allegations of the complaint, he could not be deprived of his right of trial thereon.

Possession of personal property and its use by one not its owner, especially in the absence of direct relation, does not imply the knowledge or information of the possession sufficient for him to form a belief as to its ownership, even though the thing bear initials which are the same as those of the owner.

The court has no power to order judgment on the pleadings upon part of the answer as frivolous, when any part thereof may be held good.

APPEAL by the defendant, Grover C. Schmaling, from an order of the Supreme Court, made at the Westchester Special Term and entered in the office of the clerk of the county of Westchester on the 27th day of September, 1918, granting plaintiff's motion for judgment on the pleadings.

The plaintiff moved for an order overruling defendant's amended answer as frivolous and for judgment thereon. The Special Term on reading and filing the complaint and the amended answer ordered and adjudged that the amended

answer be overruled as frivolous, and that the plaintiff have judgment thereon for the relief demanded in the complaint, with costs. The action was brought to recover penalties under section 271 of the General Business Law (Consol. Laws, chap. 20; Laws of 1909, chap. 25)* for violations of article 17, section 270, of said statute. The plaintiff sued as the agent of three different dealers and shippers of milk.

*Benjamin I. Taylor*, for the appellant.

*Harrison T. Slosson* [*Edward P. Barrett* with him on the brief], for the respondent.

JENKS, P. J.:

The material allegations of the complaint (See *Oechs* v. *Cook*, 3 Duer, 165) were that the defendant possessed, controlled, used and trafficked in the milk can of Albert Voris without the consent of Albert Voris or of the plaintiff.

The averments "wilfully" (See *Wass* v. *Stephens*, 128 N. Y. 128), "knowingly" (See *Monroe Dairy Association* v. *Stanley*, 65 Hun, 163), or "unlawfully," were not *material*. If the defendant put in issue the material allegations, he could not be deprived of his right of trial thereon. (*Youngs* v. *Kent*, 46 N. Y. 672.) The question, then, is whether the denials of the material allegations must be condemned as frivolous, or, in other words, was the truth or falsity of the material facts alleged unmistakably within the knowledge of the defendant. (*Halbe* v. *Adams, No. 1*, 172 App. Div. 190, citing *Kirschbaum* v. *Eschmann*, 205 N. Y. 127.) Was it unmistakably within his knowledge whether without the consent of Voris or his agent, at White Plains on February 26, 1918, defendant had in his possession and under his control and trafficked in a milk can belonging to Albert Voris, marked with the initials of the said owner, " A. V."

The complaint shows that Albert Voris was a dealer and shipper of milk and cream at Lincolndale, N. Y., and that the defendant was engaged in selling milk and cream at Port Chester, N. Y. We are not informed whether Albert Voris, or his agent, this plaintiff, ever knew the defendant or even

* Since amd. by Laws of 1918, chap. 376.— [REP.

that there had been any business dealings between them. All we are told is that the defendant on a certain day, without the consent of Voris or his agent, had in his possession and control this can and used it in the sale or traffic of milk. The can was used in the carriage of milk, and naturally, in the course of trade, might pass from its owner, a seller or shipper of milk, into the possession of this seller or trafficker of milk. Must the defendant unmistakably have known that the can had come into his possession without the consent of the dealer and shipper or his agent? Must he unmistakably have known that this can was owned by Albert Voris? Must he unmistakably have associated the initials " A. V." with the name of Albert Voris?

Possession of personal property and its use by one not its owner, certainly in the absence of direct relation, does not imply the knowledge or information of the possession sufficient for him to form a belief as to its ownership, even though the thing bear initials which are the same as those of the owner. The defendant would have had the right to assert title to the thing, even against Albert Voris if he came forward with no proof of his ownership save the identity of the initials thereon with his own.

It is true that the statute (Gen. Business Law [Consol. Laws, chap. 20; Laws of 1909, chap. 25], art. 17, § 270) makes possession presumptive evidence of unlawfulness, but we are discussing pleading, not proof.

The statute provides that such an action may be brought in the name of any agent without joining the real party in interest that he represents (§ 271), and the plaintiff has availed himself of this provision.

The plaintiff has grouped several alleged violations with respect to the cans of three different persons. The discussion as to the owner Albert Voris is applicable to W. Arthur Smith, and to Carrie P. Merritt, but as to the latter to a degree only. As to Carrie P. Merritt, the allegation of the plaintiff is that he is the duly authorized agent of Carrie P. Merritt, that the can was the " property of and belonging to the *plaintiff* herein, which said can had the initials of said owner, to wit, the initials ' W. W. M.' stamped, marked and fastened thereon," etc. It is confusing, to say the least, to identify

the initials " W. W. M." with those of the plaintiff " owner," which are " H. N. V.," or even, if that mistake be plain enough, to identify the initials " W. W. M." with those of the owner, if she (not the plaintiff) were the owner, " C. P. M." Perhaps without facetiousness it may be suggested that however great the defendant's obligation, it could not go so far in identification by initials.

This plaintiff, as we have seen, sues upon the allegation that he was and is the duly authorized agent of Albert Voris and the other two owners. Defendant denies any knowledge or information sufficient to form a belief as to that allegation. In any event, I think that such plea is not susceptible of the criticism that the defendant must have had knowledge or information sufficient to form a belief as to the agency. There is no other allegation by the plaintiff, direct or inferential, to indicate such agency — no allegation, as I have said, that there were ever any business relations or even acquaintanceship between the defendant and this alleged agent. Surely the defendant was not put upon inquiry as to this matter before he pleaded.

Now, it is well settled that the court has no power to order judgment on the pleadings upon part of the answer as frivolous when any part of the answer may be held good. (*Strong* v. *Sproul,* 53 N. Y. 497; *Munger* v. *Shannon,* 61 id. 260.)

The order should be reversed, with ten dollars costs and disbursements, and the motion should be denied, with ten dollars costs.

MILLS, RICH, KELLY and JAYCOX, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.