THE MILK BOTTLERS FEDERATION, Appellant, *v.* DONALD E. MUNCY, INC., Known as MUNCY's GARAGE, Respondent.

County Court, Suffolk County, April 13, 1932.

*James Wilson Young,* for the appellant.

*Richard S. Byrns,* for the respondent.

HAWKINS, J. The plaintiff, as agent of shippers of milk, brought these two actions for penalties against the defendant for unlawfully using milk cans, in violation of section 270 of the General Business Law. Both actions were tried as one, by stipulation, before the justice of the peace in whose court the actions were commenced, and resulted in judgments for the defendant after a verdict in its favor by a jury. Plaintiff has appealed to this court from those judgments.

The record discloses that the action was tried with a thoroughness and ability on the part of both counsel and an absence of error on the part of the justice of the peace highly commendable and very much above the average disclosed in records from such courts. Evidence was admitted, over the objection of the plaintiff, that these milk cans had been obtained by the defendant at the village dump, where there were a great many others. The admission of this evidence and the charge based thereon, to which exceptions were duly taken, is the only error that I find. Section 270 of the General Business Law says that an unlawful use must not be made of a milk can, " irrespective of its condition, or the use to which it may have been applied, * * *." The error was not, however, sufficiently prejudicial to constitute a ground for reversal. The judgments must be affirmed because there was no proof of a violation of section 270, no matter where the defendant got the cans.

That section of the General Business Law is entitled " Unlawful detention of milk cans." The first paragraph prohibits, without the consent of the owner or shipper of milk or cream, the use, sale, disposal, purchase or traffic in any can of his which has on it the name or initials of the owner or shipper, irrespective of its condition,

or the use to which it may have been applied. This statute originally directed its prohibition to " any milk or cream can or cans," but when it was amended to read as it does now the word " can " only was retained. The title, however, still indicates that it refers to the unlawful use of dairy cans.

The second paragraph of that section provides that the use, sale, disposal, purchase, traffic or possession by any person of any such can, without the consent of the owner or shipper, is presumptive evidence that such use, sale, disposal, purchase, traffic or possession is unlawful.

If it is only presumptive evidence of unlawful use, it follows that there may be a not unlawful use, so far as the prohibition of the statute is concerned. If the use by a person of a milk can without the consent of the owner is only presumptively unlawful, under this penal statute, then he may rebut the presumption and show that he is using it not in violation of this section.

The third paragraph permits an owner or shipper to " take possession of any can used in violation of this article wherever found, and if filled or partly filled with milk or cream, and the person in whose possession it is found does not, when requested, immediately empty the same, such owner, dealer or shipper, or his agent, may empty the same into the street or elsewhere, *  *  *."

A careful reading of the whole section, and a consideration of its history and the purposes for which it was enacted, leads to the conclusion that the prohibition therein contained is directed to the use of milk cans as such. A person found in possession of a can that has been used for milk or cream is presumed to be using it for that purpose, and, unless he proves that he is not using it as a milk can, the presumption operates against him to make him liable for its violation. But if he shows that he is not using it as a milk can, the presumption that the use was unlawful is rebutted.

The plaintiff desires a construction of this statute to the effect that the mere use of such can for any purpose is unlawful and makes the user liable for the prescribed penalty. To hold so would be highly dangerous and would be a trap for the unwary that was certainly never intended when this highly penal statute was enacted. Its purpose was to check the misappropriation by milk dealers of cans belonging to some one else. Being a penal statute, it must be construed not beyond the necessity of curbing the evil that it was intended to remedy. (*Monroe Dairy Association* v. *Stanley,* 65 Hun, 163.)

In *Bell* v. *Moen's Asphaltic Cement Co.* (32 App. Div. 362) the Appellate Division in this department held that the use by the defendant of dilapidated former milk cans for holding tar and oil was not within the inhibition of the statute. There, as in the case at bar, the defendant was not a milk dealer and was not using the cans for dairy products, and there, as here, he had taken them from a disposal dump.

Since the decision in that case the statute has been amended by chapter 543 of the Laws of 1900 by inserting the words " irrespective of its condition, or the use to which it may have been applied, \* \* \*." It was probably thought that that case would permit an evasion of the statute by a showing that the cans had been obtained from a public dump, or that they were, purposely or otherwise, in bad condition, and it was probably for that reason that the statute was amended. But the amendment did not go so far as to say that a use of a milk can is unlawful irrespective of the use to which it is being applied; it is unlawful only if used as a milk can irrespective of the use " to which it *may have been* applied."

The defendant in this case was using these cans for gasoline and oil. They had lost their identity as milk cans. They were not being used as milk cans. They were no more milk cans solely by reason of the former use made of them than they would have been if originally used for oil and just marked milk cans. For the purpose of this statute, the use by the defendant determines their character. If the cans are proven the property of the plaintiff, they can be replevied, or the defendant may be held liable for having converted them. But he cannot be penalized under this section for using a milk can when he is using it only as an oil can.

Any other construction would do violence to the apparent intention of the statute which says that the use or possession, in itself, is only presumptive evidence of an unlawful use. It would give an unwarranted latitude to a highly penal statute.

In our case, though the presumption operated to render the possession by the defendant of the cans *prima facie* unlawful and violative of the statute, it was rebutted by the plaintiff's own witnesses who said that it was not using the cans for dairy purposes.

The judgments must be affirmed.