THE MILK BOTTLERS FEDERATION, Appellant, *v.* DONALD E. MUNCY, INC., Known as MUNCY'S GARAGE, Respondent. (Actions Nos. 1 and 2.)*

Second Department, December 30, 1932.

* Revg. 143 Misc. 436.

*James Wilson Young,* for the appellant.

*Lindsay R. Henry* [*Richard S. Byrns* with him on the brief], for the respondent.

HAGARTY, J. These actions were brought by the plaintiff as agent of the owners of five milk cans, pursuant to sections 270 and 271 of the General Business Law (Laws of 1909, chap. 25, and amendments thereto), to recover separate penalties of fifty dollars each for the possession and use of such cans by the defendant without the consent of the owners.

Section 271 provides that any person violating the provisions of section 270 shall forfeit fifty dollars, to be recovered in such an action as this. Section 270 controls the action, and, under the heading " Unlawful detention of milk cans," provides that " No person shall, without the consent of the owner or shipper, or his agent, use, sell, dispose of, buy or traffic in any can, irrespective of its condition, or the use to which it may have been applied, belonging to any dealer in or shipper of milk or cream in this State or which may be shipped to any town, village or city in the State, which can has the name or initials of such owner * * *." The section further provides that if any person, without the consent of such owner, " has in his possession or under his control any such can, it shall be presumptive evidence that such use * * * or possession is unlawful."

It is not disputed in this case that the milk cans in question were properly marked with the name of the owners, and that they were found by the plaintiff in the possession of the defendant. The sole defense is that the cans were procured from the public dump in the village of Amityville some three years prior to the time that they were claimed by the plaintiff, and, therefore, defendant claimed that the milk cans had been abandoned by the owner. Defendant further urges that because of the condition of the cans they were no longer receptacles within the meaning of the law. Defendant's proof is that at the time they were claimed by the plaintiff they were in use by the defendant in its garage business as containers of water, kerosene and gasoline.

In *Monroe Dairy Association* v. *Stanley* (65 Hun, 163) decided under the law then enacted, the question of fact was one of posses-

sion. The case is of value only in so far as it states the purpose of the law, that is, that the statute was designed "for the protection of honest men against thieves and wrongdoers, and it is the duty of the courts to enforce it and not permit its evasion by specious excuses."

The next case is *Bell* v. *Moen's Asphaltic Cement Co.* (32 App. Div. 362). This court there held that the defendant, engaged in the business of asphalt roofing, did not render itself liable under the law as it then stood, where it appeared that it had used, for the purpose of holding tar and oil, old, rusty, dilapidated milk cans, with holes in them, so that they could not hold milk and were useless for milk cans or for dairy purposes, and which had been lined with hard asphalt in order to make them capable of holding the oil and tar with which they were filled. The court in its opinion stated that the real question in the action was whether the use of the cans by the defendant fell within the purview of the statute, and continued: "Being highly penal, this act must be strictly construed, and strict construction requires that the cans, the use of which is complained of, shall be in such a condition as to be capable of use as milk cans; and the act may not be extended to cover cans which do not fall within the purview of the statute. The record discloses that the cans were not of that character. The defendant is a corporation engaged in the business of asphalt roofing, and the cans came into its possession, when or how does not clearly appear, but they were used by it for holding tar and oil." The court concluded that (p. 364) "The cans in question, probably, when they came into the possession of the defendant, and certainly when they were discovered by the plaintiff, had practically ceased to be milk cans or useful for dairy purposes, just as surely as if they had been battered together into old metal, ready only for the melting pot. The use by the defendant of such cans, lined with hard asphalt, for holding tar and oil was not within the inhibition of the statute."

Following these decisions, and in 1902, section 29 of the Domestic Commerce Law, from which the statute was derived, was amended (Laws of 1902, chap. 482). The law as then amended and as it now reads, refers to "any can, irrespective of its condition, or the use to which it may have been applied." Following that amendment, and in February of 1905, the Appellate Term, First Department, decided the case of *Schmidt* v. *Justus* (46 Misc. 459). It was there held that the condition of the can in the possession of the defendant was material, and upon plaintiff's proof before resting, that he found the can in question with its top cut off and full of ashes beside the house of the defendant who said that it was her ash

can and that the ash man had given it to her, the court reversed the judgment in favor of the defendant dismissing the complaint, and granted a new trial in order that the facts in regard to the condition of the can might be more fully presented. The court in its opinion referred to the reasons for the act, as advanced in *Monroe Dairy Association* v. *Stanley* (*supra*), and then wrote: " Of course, if a can, otherwise in good condition, or reparable, had a hole punched through it maliciously or otherwise, the possessor of such a can would come within the purview of the statute, irrespective of its condition at the particular time. So, also, if a can, capable of holding milk, were in fact used for holding some other liquid, or for any other purpose, it would still be within the purview of the statute, irrespective of the use to which it had been applied. This, we think, is what the Legislature intended by the use of the words ' irrespective of its condition, or the use to which it may have been applied.' A can made for use as a milk can and still capable of use as such does not cease to be a milk can merely because of some temporary condition or because of some other use and still falls within the intent of this statute."

In the case we are reviewing the cans come within the purview of the statute and within the description of *Schmidt* v. *Justus* (*supra*). Defendant's president testified that during the three or four years that it had been in possession of them, they had been used by it in its business as containers of water, kerosene and gasoline. He further testified as to their condition, that when the cans were removed from the dump by the defendant some of them " had the tops off and water in them." They were " rustier " then, but the rust " has worn off." All that was necessary to make them serviceable in the defendant's business was " to rinse out some of them." By the defendant's own proof the cans were capable of use as milk cans.

The only question remaining is whether or not the manner in which the defendant procured the cans is a defense. I think not. It does not claim consent of the owners, and concededly it was in possession of and using cans serviceable as milk cans, marked with the names of the owners as provided in the statute. The purposes of the law would be thwarted were the statute to be construed as meaning that possession under the circumstances claimed by this defendant was a defense.

There was no question of fact in this case, and the court should have granted plaintiff's motion for a directed verdict.

The order of the County Court of Suffolk county affirming judgments and orders of the Justice's Court of the town of Babylon, judgment of affirmance entered on said order, and judgments and

orders of the Justice's Court should be reversed on the law and judgment directed for the plaintiff in each action, with costs.

KAPPER, CARSWELL and DAVIS, JJ., concur; LAZANSKY, P. J., concurs in result.

Order of the County Court of Suffolk county affirming judgments and orders of the Justice's Court of the town of Babylon, judgment of affirmance entered on said order, and judgments and orders of the Justice's Court reversed on the law and judgment directed for the plaintiff in each action, with costs.