(160 App. Div. 644)

## PEOPLE v. KAYE.

(Supreme Court, Appellate Division, First Department. February 13, 1914.)

1. MUNICIPAL CORPORATIONS (§ 603*)—ORDINANCES—FIRE REGULATIONS—CONSTRUCTION.

An ordinance, requiring the owners of all manufactories, hotels, etc., to provide such fire hose, fire extinguishers, etc., and other means of preventing and extinguishing fires as said fire commissioner may direct, authorized the fire commissioner to order the installation of automatic sprinklers in a 12-story manufacturing building.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1334; Dec. Dig. § 603.*]

2. STATUTES (§ 195*)—CONSTRUCTION—RULE OF EJUSDEM GENERIS.

The rule of ejusdem generis is merely a rule of construction, and must yield to the apparent purpose of the Legislature.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. § 273; Dec. Dig. § 195.*]

3. MUNICIPAL CORPORATIONS (§ 630*)—FIRE REGULATIONS—OFFENSES.

Laws 1911, c. 899, amended Greater New York Charter (Laws 1901, c. 466) by adding to title 3, art. 15, a section numbered 775, which empowered the fire commissioner to require the installation, as prescribed by law or "ordinance," of automatic or other fire extinguishing equipment. Section 773, which was in existence when the amendment was enacted, provided that any person who should willfully violate or refuse to comply with any requirement of the title, or any regulation made thereunder, should be guilty of a misdemeanor. *Held*, that failure to comply with an order of the fire commissioner, ordering the installation of automatic fire extinguishers, made pursuant to an ordinance requiring owners to provide such fire extinguishers, etc., and other means of extinguishing fires as the fire commissioner might direct, was a misdemeanor.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1385; Dec. Dig. § 630.*]

4. MUNICIPAL CORPORATIONS (§ 116*)—IMPLIED REPEAL.

Labor Law (Consol. Laws 1909, c. 31) § 83b, as added by Laws 1912, c. 332, requiring the owner of every factory building over seven stories high, in which more than 200 people are employed above the seventh floor, to install an automatic sprinkler system, did not impliedly repeal all other laws or ordinances requiring owners of various kinds of buildings, including factory and manufacturing buildings, to install such fire extinguishers as the fire commissioner might direct.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 268–271; Dec. Dig. § 116.*]

5. STATUTES (§ 162*)—IMPLIED REPEAL OF SPECIAL BY GENERAL ACT.

A general statute will repeal special or local acts without expressly naming them, if inconsistent therewith and it appears that the Legislature intended, by the general act, to establish a uniform rule and abolish

the special provisions, but the question of repeal is always one of intention.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. §§ 235–237; Dec. Dig. § 162.*]

Appeal from Court of Special Sessions of City of New York.

Charles Kaye was convicted of a misdemeanor, and appeals. Affirmed.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and HOTCHKISS, JJ.

Carlisle Norwood, of New York City, for appellant.
Alexander C. MacNulty, of New York City, for the People.

SCOTT, J.  The defendant was convicted by the Court of Special Sessions of a misdemeanor in that he refused to obey an order of the fire commissioner of the city of New York, requiring the installation of an automatic sprinkler system in a building owned by him and used and occupied for manufacturing purposes. The building is 12 stories high, a stone and brick, iron and steel, structure about 75 feet in width and 85 feet in depth. It was occupied by manufacturers of clothing and furriers. Several hundred people were employed in it, principally in the manufacturing operations carried on. The fire commissioner issued and served upon the defendant an order in writing, requiring the installation of a system of automatic sprinklers, with the necessary appurtenances and appliances. The defendant refused to comply with the order, and this prosecution followed.

The defendant urges several reasons why the conviction was illegal, their substance being that the fire commissioner has no authority to make such an order, and, assuming that he had authority, that the refusal to comply is not a misdemeanor. The authority to issue such an order is sought to be found in the ordinance adopted by the board of aldermen of the city of New York on December 19, 1911, to take the place of section 752 of the Greater New York Charter. Subdivision 3 of section 1620 of the Greater New York Charter, as revised and amended by chapter 466 of the Laws of 1901, provided that certain sections of said charter contained in a second schedule annexed to the act should be—

"continued in full force and effect until the board of aldermen as constituted by the foregoing provisions of this act shall pass ordinances regulating the matters provided for in the said several sections mentioned in said second schedule, all of which ordinances the said board of aldermen is hereby expressly empowered to pass. Upon the passing of any such ordinances regulating the matters provided for in any one of the said sections respectively, such section shall cease to have any force or effect, and the same is and shall be repealed."

Among the sections of the charter mentioned in said second schedule, and thus brought within the purview of the foregoing subdivision, was section 762.

On December 19, 1911, the board of aldermen adopted an ordinance (hereafter mentioned as the ordinance of 1911) which regulated the

matters provided for in said section 762 of the charter. The said section thereupon became automatically repealed, and the ordinance took its place and became the law so far as concerns the matters therein dealt with. The ordinance of 1911 differed from section 762 in some particulars, and re-enacted so much of said section as is claimed to afford authority for the order issued in the present case by the fire commissioner. The provision was re-enacted in language identical with that in the charter, and reads as follows:

"The owners and proprietors of all manufactories, hotels, tenement houses, apartment houses, office buildings, boarding and lodging houses, warehouses, stores and offices, theaters and music halls, and the authorities or persons having charge of all hospitals and asylums, and of the public schools and other public buildings, churches and other places where large numbers of persons are congregated for purposes of worship, instruction or amusement, shall provide such means of communicating alarms of fire, accident or danger to the police and fire departments, respectively as the fire commissioner or police board may direct, and shall also provide such fire hose, fire extinguishers, buckets, axes, fire hooks, fire doors *and other means of preventing and extinguishing fires as said fire commissioner may direct.*"

Section 762 of the charter did not, of itself, prescribe any penalty or punishment for its violation or for the refusal to obey an order issued under it, but section 773 provided, and still provides, as follows:

"Section 773. Any person, persons or corporation, for the violation of, or noncompliance with, any of the several provisions of the several sections of this title, when the penalty is not therein specially provided, shall severally forfeit and pay a fine or penalty in the sum of fifty dollars for each and every offense, or shall forfeit and pay the penalties respectively imposed under any of said sections, and shall also be severally liable for any costs or expenses that may be incurred by any violation of, or noncompliance with, any requirements under said sections, and shall also be severally liable for the payment of the further penalty of the sum of fifty dollars for any violation of, or noncompliance with, any regulation, order or special direction issued by said commissioner, or for failure to attend and testify as required by any subpœna issued, as authorized under this chapter. * * * *Any person who shall willfully violate, or neglect or refuse to comply with any provision or requirement of this title, or any regulation, order or special direction duly made thereunder, shall also be guilty of a misdemeanor.*"

The "title" referred to in the foregoing section was title 3 of chapter xv of the charter which included section 762. So long therefore as that section remained in force, a violation of it, or a refusal to obey an order issued by its authority, was a misdemeanor.

The ordinance of 1911 concluded with the following sentence:

"The penalties prescribed by section 773 of the Greater New York Charter shall apply to any violation of this Ordinance."

Upon these facts the appellant contends: First, that the ordinance of 1911 does not authorize the fire commissioner to order the installation of automatic sprinklers; second, that even if the fire commissioner has authority to make such an order, it is not a misdemeanor to refuse to obey it.

[1] The argument that the ordinance does not authorize the fire commissioner to order the installation of automatic sprinklers is based on the rule or doctrine of ejusdem generis.

[2] That rule of course is too well established and known to require reiteration here, but it is, after all, but a rule of construction, and must yield to the apparent purpose of the Legislature or other enacting body. If we read the whole ordinance of 1911, it will be seen that its obvious purpose is to provide so far as possible against fires, and especially against the rapid spread of fires in places wherein, owing to the manner of their use and occupation, a fire, unless quickly subdued, would be likely to result in great damage and loss of life. It would be unreasonable to attribute to the Legislature or the board of aldermen the purpose of committing to the fire commissioner the discretionary power to require slight and often ineffective precautions to be adopted, and to deny him the power to require the adoption of such other, and much more highly effective means of fire control, as might from time to time, be invented or adopted. The provision in substantially its present form dates back to 1892 (chapter 703), since which time it is highly probable that the art of fire prevention and control has made considerable progress. It would be highly unreasonable so to construe the ordinance as to curtail the power of the fire commissioner to order the use of any device of proven utility to effect the obvious purpose of the ordinance. At any rate the question of the sufficiency of the ordinance to justify the order of the fire commissioner has been settled so far as this court is concerned. The very question arose (under section 762 of the charter) in Lantry v. Hoffman, 55 Misc. Rep. 261, 105 N. Y. Supp. 353, affirmed 124 App. Div 937, 109 N. Y. Supp. 1135.

It is also suggested that the ordinance, if construed to vest authority in the fire commissioner to order the installation of automatic sprinklers, is to that extent invalid because it unreasonably allows him a discretion which may be used oppressively. That is an argument which, if sound, should be directed to the lawmaking power, and not to the courts. As has been pointed out, the ordinance in so far as it affects the case at bar is no new enactment, but is a mere re-enactment and continuation of an act of the Legislature. It is essential that the authority to compel proper precautions against fires and their spread should be confided to some one, and it is clearly a legislative, and not a judicial function, to determine in whom such discretion should be vested. We are therefore of the opinion that the ordinance of 1911 furnishes sufficient authority for the order which the appellant refused to obey.

[3] The next question is whether such refusal was a misdemeanor. It may be, as appellant argues that the board of aldermen has no power to create a misdemeanor out of a refusal to obey one of its ordinances; that the ordinance of 1911 did not attempt to re-enact, even by reference, that portion of section 773 of the charter which declared the refusal to obey an order of the fire commissioner, issued under section 762, to be a misdemeanor, and that the adoption of the ordinance of 1911 effectually repealed and wiped out section 762, so that no order thereafter could be made under that section. The Legislature, however, in October, 1911, passed an act (chapter 899) which amended the Greater New York Charter by adding a number of new

sections to title 3 of article 15. Among the sections so added was section 775, which reads in part as follows:

"Section 775. Powers of the Commissioner. The commissioner is empowered to * * *

"3. Require, in writing, the installation, as prescribed by any law or *ordinance*, in any building, structure or inclosure of automatic or other fire alarm system or fire extinguishing equipment and the maintenance and repair thereof, or the construction, as prescribed by any law or ordinance, of adequate and safe means of exit."

As soon as this section became a law section 773 became applicable to it, and it became a misdemeanor "to willfully violate, or neglect or refuse to comply" with any of its provisions "or any requirement, order or special direction duly made thereunder." Thus: (a) The ordinance of 1911 empowered the fire commissioner to order the installation of sprinklers. (b) Section 775 of the charter conferred upon him legislative authority to require the installation of the fire extinguishing equipment authorized by the ordinance. (c) Section 773 made it a misdemeanor to disobey such an order. We are therefore of the opinion that the defendant's refusal to comply with the order of the fire commissioner was a misdemeanor.

[4] It remains to consider one other objection made by the appellant. It is that all special provisions, whether of law or ordinance, which might be so construed as to provide for the installation of sprinklers in the city of New York were impliedly repealed by section 83b of the Labor Law which was enacted by chapter 332, Laws of 1912, subsequent to the adoption both by the fire prevention amendments to the charter in October, 1911, and the ordinance of December, 1911. The section referred to reads as follows:

"Sec. 83b. Automatic Sprinklers. In every factory building over seven stories or over ninety feet in height in which wooden flooring or wooden trim is used and more than two hundred people are regularly employed above the seventh floor or more than ninety feet above the ground level of such building, the owner of the building shall install an automatic sprinkler system approved as to form and manner in the city of New York by the fire commissioner of such city, and elsewhere, by the state fire marshal. Such installation shall be made within one year after this section takes effect, but the fire commissioner of the city of New York in such city and the state fire marshal elsewhere may, for good cause shown, extend such time for an additional year. A failure to comply with this section shall be a misdemeanor as provided by section twelve hundred and seventy-five of the Penal Law and the provisions hereof shall also be enforced in the city of New York by the fire commissioner of such city in the manner provided by title three of chapter fifteen of the Greater New York Charter, and elsewhere by the state fire marshal in the manner provided by article 10a of the insurance law."

[5] To support this contention defendant quotes from Black on Interpretation of Laws (section 153) the following rule, which is, of course, of general acceptance:

"A general statute will repeal special or local acts without expressly naming them, where they are inconsistent with it, and where it can be seen from the whole enactment that it was the intention of the Legislature to sweep away all local peculiarities thus sanctioned by special acts, and to establish one uniform system."

The question, however, is always one of intention (People v. Dalton, 158 N. Y. 175–184, 52 N. E. 1113), and, as stated above, it carries

with it its own limitation that the repeal of a special act by a general one will be implied only when they are inconsistent, and where it is apparent from the general law itself that it was intended to repeal and supersede all special laws. The amendment to the Labor Law does not respond to this test. It provides imperatively that automatic sprinklers *must* be installed in buildings answering a certain description. As to these no discretion is left to the fire commissioner, or any other administrative authority, except to approve the pattern of sprinklers to be used. But the act goes no further, and neither in terms or by proper inference does it provide that sprinklers shall be required *only* in buildings of the character described in the act. The effect of the act is simply this: Prior to its enactment the fire commissioner was given discretion to require sprinklers, or not to require them, in all buildings. By the act this discretion was taken away as to certain buildings, but was left unimpaired as to all others. We find no inconsistency here, and no indication that the Legislature, by prescribing that certain buildings must have sprinklers, meant to declare that none others should be required to have them.

It is further objected that it was an unreasonable exercise of discretion to order the installation of sprinklers in the particular building owned by the defendant. After a careful reading of the testimony we are unable to accede to this view. There was considerable evidence, much of which was contradictory. It did appear that one of the most dreadful disasters in the history of the city of New York had resulted from a fire in a building similar in type, size, and construction to defendant's building, and the testimony of practical firemen of large experience was to the effect that automatic sprinklers were a most efficient means for the control of fires and for the prevention of their spread. In the face of such testimony we cannot say judicially that the fire commissioner exercised his discretion arbitrarily or unreasonably.

The judgment of conviction must be affirmed. All concur.