VILLAGE OF BABYLON, Plaintiff, *v.* SOUTH SHORE THRIFT CORPORATION and Others, Defendants.*

County Court, Suffolk County, July 27, 1940.

*Harry Paul Fishel*, for the plaintiff.

*Morris Okoshken*, for the defendant F. C. Lemmerman, Inc.

HILL, J.   Plaintiff has asked this court to review and reconsider its decision, made and entered on June 29, 1939, in the above-entitled action.   The motion to reargue is granted.

Since the rendering of its decision other jurisdictions have concurred in the opinion herein.   Municipalities levying a tax through their proper officers are properly exercising a sovereign act and the last tax properly levied becomes the paramount tax.   (See *Carodix Corporation* v. *Flaherty*, 174 Misc. 779.)

To give superiority to the earliest tax would be contrary to public policy and embarrassing to taxing officials charged with the duty

* See *contra, Fox* v. *Barr* (172 Misc. 1054).

of collecting revenue. Under such a rule an accumulation of tax liens on a particular parcel of property might conceivably ultimately destroy all equity in the property and make it impossible for the municipality in later years to make the property tax bearing.

The assessment and collection of taxes in Suffolk county and the sale of property for unpaid taxes is governed by a special act known as chapter 152 of the Laws of 1929, with amendments thereto. Section 60 thereof implies the correctness of the above conclusion in stating that the conveyance in an action foreclosing a lien for unpaid county taxes shall convey to the purchasers the rights of all parties — " except subsequent taxes and assessments, and sales on account thereof, and except taxes and assessments which were liens on the premises at the time of the filing of a notice of pendency of the action, but for the non-payment of which no sale had been had prior thereto and any sale on account of such taxes."

In the case of *Village of Garden City* v. *Roeder* (280 N. Y. 663), the issue presented to the court by the pleadings was whether or not all county liens were superior to all village liens. That decision establishes the proposition that the liens are on a parity. There was no issue raised between the parties as to whether the earliest liens or latest liens should be paid first out of the proceeds. It is true that the court affirmed the judgment providing for the payment of the earliest lien first, but it appears from the record that the Court of Appeals only passed on this question incidentally, there being no dispute between the parties as to this particular point. As to the question of priority of a tax lien or tax sale certificate, properly issued in the first instance by a municipality, the priority is not determined by the status of the holder. It is immaterial if the holder is a municipality or an individual, unless, of course, the certificate or lien recites that it is subject to prior or existing taxes. It is inconceivable that a tax lien, having a particular status as to priority, should lose that status merely by the transfer of the lien by the municipality to an individual for a good consideration.

The individual is entitled to all of the rights that the municipality had at the time of the transfer. Section 74 of chapter 152 of the Laws of 1929 provides that the holder of a tax sale certificate may file an election, if he wishes to foreclose, that his certificate be the right of the municipality which issued the same to collect such taxes, and on so doing he acquires all the rights of such municipality to collect such taxes.

Plaintiff urges that the tax deed acquired by the defendant F. C. Lemmerman, Inc., as a result of unpaid 1931 county taxes, merges the subsequent tax sale certificates acquired by it at later sales. There is no presumption of merger in the absence of facts

clearly indicating such an intent. By purchasing the certificates rather than paying the taxes, the defendant Lemmerman signified its intent that there should be no merger. Section 54 of chapter 152 of the Laws of 1929 gives the defendant the right to elect that its deed be a lien and to foreclose it as such.

Plaintiff is entitled to judgment of foreclosure and sale and the proceeds of the sale shall be applied:

1. To the payment of the expenses of the sale.

2. To the payment to plaintiff or its attorney of the amount of the costs, allowance, and disbursements.

3. To the payment of village and county taxes in the inverse order of their lien dates, the last tax to be paid first.

4. The surplus moneys, if any, paid to the treasurer of the county of Suffolk subject to the further order of this court.

Submit judgment in accordance with the above.