In the Matter of GRACE E. CONNOLLY, Appellant, against MILTON L. BURNS, as Treasurer of Suffolk County, Respondent.— Proceeding instituted pursuant to article 78 of the Civil Practice Act by appellant to compel respondent to execute and deliver to her a tax deed for certain premises, and to execute and deliver to her an assignment of all taxes and tax sales held by the county affecting such premises upon the payment by appellant of the amount of such

taxes and penalties thereon. Order granting motion of respondent to dismiss the petition for insufficiency, and the judgment entered thereon, reversed on the law, without costs, and the motion denied, without costs. Respondent is given leave to answer within a period of ten days after service of a copy of the order to be entered hereon, together with notice of entry. We are of opinion that the phrase in section 53 of the Suffolk County Tax Act (L. 1929, ch. 152, as amd. by L. 1941, ch. 140), viz., "all outstanding prior tax liens held by the county upon the premises," was intended to embrace only such unpaid taxes not merged in sales for taxes as constitute the subject of chapter 105 of the Laws of 1920. The pertinent phrase had no effect, therefore, upon the right of the county in its corporate capacity, as distinguished from its status as a taxing authority, to a tax deed on the basis of its purchase of a tax lien subsequent to that which appellant purchased. Appellant, however, is entitled to a tax deed upon payment of such unpaid taxes, if any, and upon compliance with all of the other conditions precedent set forth in section 53 of the Suffolk County Tax Act, which we deem to have been appropriately alleged in the petition by the allegation of due performance on her part. Hagarty, Acting P. J., Johnston, Adel, Lewis and Aldrich, JJ., concur. [183 Misc. 1030.] [See *post*, p. 940.]