In the Matter of Grace E. Connolly, Petitioner, against Milton L. Burns, as Treasurer of Suffolk County, Respondent.

Supreme Court, Special Term, Suffolk County, October 19, 1945.

*Edgar F. Hazleton, County Attorney,* for respondent.

*Eugene R. Hurley* for petitioner.

C. A. JOHNSON, J. The respondent moves for reargument of a motion by petitioner for a final order under article 78 of the Civil Practice Act or, in the alternative, for a resettled order upon such application. The petitioner seeks an order holding the respondent in contempt for failure to issue a deed in compliance with an order heretofore made herein.

At the outset, it should be noted that the phrase " summary judgment " has been improperly used by counsel. This is a proceeding under article 78 to which the provisions of rule 113 of the Rules of Civil Practice are not applicable. However, substantially the same practice is prescribed by section 1291 of the Civil Practice Act, which provides in part: " The answer must contain proper denials and statements of new matter, as in an action, and must set forth such facts as may be pertinent and material to show the grounds of the action taken by the respondent which is complained of; but it may not contain a counterclaim. * * * The respondent shall also serve and submit with the answer affidavits, made by a person having knowledge of the facts, or other written proof, showing such evidentiary facts as shall entitle him to a trial of any issue of fact." (See, also, sections 1293 and 1295 of the Civil Practice Act.)

Upon an appeal to the Appellate Division, Second Department, from an order of this court dismissing the petition herein as insufficient on its face, the law of this case was carefully considered (*Matter of Connolly* v. *Burns,* 269 App. Div. 844, revg. 183 Misc. 1030). It was there determined that the County Treasurer was under a duty to give the petitioner a deed based upon a sale for unpaid taxes even though at the time the application was made for the deed, the premises had been sold for subsequent unpaid taxes to the County, which had already taken a deed under its sale. In holding that the petitioner is entitled to a deed upon taking and paying for " an assignment of all outstanding prior tax liens held by the county ", the Appellate Division has indicated that the phrase " tax liens " means only such unpaid taxes as have not been " merged in sales " and, therefore, does not affect the right of the County, as purchaser at a subsequent sale, to a deed as a result of that sale because the County had a right to that deed as a purchaser in its corporate capacity as distinguished from its capacity as a taxing

authority. In that connection, the Appellate Division said (*supra,* p. 845): " The pertinent phrase had no effect, therefore, upon the right of the county in its corporate capacity, as distinguished from its status as a taxing authority, to a tax deed on the basis of its purchase of a tax lien subsequent to that which appellant purchased. Appellant, however, is entitled to a tax deed upon payment of such unpaid taxes, if any, and upon compliance with all of the other conditions precedent set forth in section 53 of the Suffolk County Tax Act, which we deem to have been properly alleged in the petition by the allegation of due performance on her part."

Under that decision, my conclusion is that the County, in its corporate capacity, has the right to take a deed from the County Treasurer upon the subsequent sale and that the phrase " tax liens " in section 53 of the Suffolk County Tax Act (L. 1929, ch. 152, as amd. by L. 1941, ch. 140) has no effect whatever upon that right; but that the petitioner, nevertheless, is also entitled to a tax deed as a result of the sale to her for the earlier unpaid tax upon the payment of all other unpaid taxes, except such as have merged by a sale therefor and the resulting deed to the County.

As has already been determined upon the original argument of the motion, the notation upon the records of the County Treasurer's Office that the subsequent unpaid tax was redeemed, is clearly an error; in fact, the property which had been sold to the County and deeded to it by the County Treasurer was subsequently conveyed or assigned by the County pursuant to a contract theretofore made with the purchaser from the County.

The respondent strongly urges upon this motion, however, that the affidavits filed with his answer create an issue with respect to two matters. First, respondent urges petitioner is put to her proof by the denial by the respondent of the allegations of the petition that petitioner has duly performed all of the terms and conditions of said contract on her part to be performed to entitle her to a deed. The respondent's answer and the supporting affidavits contain not the slightest suggestion as to the specific respect in which the petitioner has omitted or failed in any step necessary on her part to entitle her to such a deed. Had any such step been omitted, specific reference should have been clearly made thereto. This not having been done, I conclude that there exists no infirmity in petitioner's right to the relief which she seeks. I am supported in this conclusion by the fact that in none of the correspondence between the parties prior to the commencement of this proceeding was it ever suggested, so far as it appears to the court, that there

was any technical or legal defect in the petitioner's tax sale certificate under which she claims to be entitled to a deed.

Secondly, the respondent urges that an issue of fact is created by the inclusion in his answer of a separate defense that the petitioner is not the real or true party in interest and is not entitled to maintain this proceeding, coupled with his formal denial of the allegations in her petition that the petitioner is the owner and holder of the tax sale certificate on which the proceeding is based and that she purchased the same at a public auction of tax liens conducted by the County Treasurer; especially, respondent claims this is true because the petitioner has served no reply. In this respect, also, it would seem that the respondent could have stated the facts upon which he relies simply and clearly by affidavit. The question is not who purchased the tax lien, but whether the petitioner is now the owner and holder thereof and entitled to a deed thereunder. I find nothing in the respondent's answer, or the affidavits accompanying the same, which justifies the slightest belief that she is not the true party in interest in this proceeding.

The motion for reargument will, therefore, be granted, and upon such reargument the court adheres to its prior decision that the petitioner is entitled to a final order granting her the relief prayed for in the petition to the extent of requiring the respondent County Treasurer to issue to her a deed of the premises sold to her for the earlier unpaid tax and to assign to her, upon payment by her, any outstanding prior tax liens other than those which merged as a result of sale for unpaid taxes by deed to the County in its corporate capacity.

The respondent urges that there was improperly included in the order upon the prior decision a paragraph embodying this recital: " that between the time of petitioner's original application herein and the present time, the County of Suffolk conveyed or assigned its tax sale and all other taxes affecting said premises held by said County, to one Edward R. Tolfree, pursuant to a contract theretofore made with the said Edward R. Tolfree and another ". This paragraph will be eliminated in the order to be entered on this decision and no recital whatever will be made with respect to this fact which would seem to be immaterial in the light of the decision of the Appellate Division hereinbefore referred to.

The application of the petitioner to adjudge the respondent in contempt is denied, without costs.

The application for a stay embodied in respondent's moving affidavit is denied.

Settle order on notice.