In the Matter of GRACE E. CONNOLLY, Respondent, against MILTON L. BURNS, as Treasurer of Suffolk County, Appellant.— In a proceeding instituted pursuant to article 78 of the Civil Practice Act, order on reargument, directing the County Treasurer of Suffolk County to execute and deliver to petitioner a deed of premises sold under a designated tax sale certificate, insofar as appealed from, unanimously affirmed, with $50 costs and disbursements. No opinion. Present — Lewis, P. J., Hagarty, Johnston, Adel and Nolan, JJ. [185 Misc. 953.]

PETER P. JASIULKO, Respondent, v. WILLIAM KOWALSKI, Doing Business as BAN'S RESTAURANT, et al., Defendants, and VILLAGE OF HASTINGS-ON-HUDSON, Appellant.— In a negligence action, order directing examination of defendant Village before trial, insofar as appealed from, affirmed, with $10 costs and disbursements, the examination to proceed on five days' notice. No opinion. Lewis, P. J., Hagarty, Carswell, Johnston and Adel, JJ., concur.

ROBERT H. JOHNSON et al., Respondents, v. WYNNE A. MURPHY et al., Individually and as Copartners Doing Business under the Name of MURPHY, QUIGLEY & COMPANY, Appellants.— Order granting reargument, and on reargument denying defendants' motion for a stay under section 1451 of the Civil Practice Act, insofar as appealed from, affirmed, with $10 costs and disbursements, unless within five days from the service of a copy of the order to be entered hereon appellants stipulate to notify respondents as to whom they have appointed arbitrator, and request similar action by respondents; and further stipulate to carry out the arbitration procedure provided in article XV of the contract of June 22, 1943, without delay, in which event the order, insofar as appealed from, is reversed on the law and the facts, without costs, and the motion for a stay of the trial of all causes of action in the complaint is granted. Appeal from order of November 26, 1945, dismissed, without costs. (a) This record does not warrant a finding that appellants waived their right to arbitration. It does not disclose laches of a character barring their right to arbitration. The former award was vacated on April 19, 1945. The causes of action which are set out in the complaint were assigned on May 21, 1945, on which date and until May 29, 1945, negotiations between the parties were in progress. The warrant of attachment issued May 23, 1945. The summons and complaint were served on June 14 and June 15, 1945. The answer was served August 10, 1945, and the motion for a stay was made on August 20, 1945, returnable August 28, 1945. These dates and that which transpired between them do not indicate any intent to waive rights to arbitration. (b) Concededly the first, fifth and sixth causes of action are within the language of the arbitration clause in the contract. The second, third and fourth are intimately connected with and were part of the performance of that contract and arose, if at all, during the course of the construction work under the contract. This view is in accord with plaintiffs' own interpretation of them in the application for the attachment obtained herein. They should all be disposed of at the same time as the first, fifth and sixth causes of action. Lewis, P. J., Hagarty, Carswell, Johnston and Adel, JJ., concur.