EDWARD R. TOLFREE et al., Plaintiffs, *v.* GRACE E. CONNOLLY, Defendant.

Supreme Court, Special Term, Suffolk County, August 12, 1946.

*Charles H. Stoll* for plaintiffs.

*Eugene R. Hurley* for defendant.

STEINBRINK, J. This is an action to determine a claim to 298 acres of land, pursuant to article 15 of the Real Property Law, and to clear plaintiffs' title from the claim set up by the defendant.

By two deeds plaintiff Tolfree acquired title to about 3,000 acres of land, including the 298 acres in dispute, in the town of Brookhaven, Suffolk County, which subsequently came to be known as the " Tolfree Tract." In 1932 the plaintiff Tolfree executed a bond and mortgage covering the property which, by various assignments, came into the possession and ownership of the plaintiff Patterson. The subject of this action consists of two parcels of land completely separated by a two-acre parcel known as " Paradise " and owned by one Eugenia A. T. Smith, against whom assessments were levied and paid for. The two parcels were assessed as one parcel against the plaintiff Tolfree but the assessment included in its description the two acres owned by Smith. In November, 1939, at a tax lien sale for the unpaid 1938–1939 taxes affecting the premises, defendant's assignor obtained a certificate for the parcel designated as No. 199 as purchaser, which included the " Paradise " parcel. In November, 1940, the unpaid 1939–1940 taxes levied upon the

same described premises were bid in by the County of Suffolk as purchaser and it received a certificate designated as No. 217. On December 15, 1943, more than three years after the date of the sale to the county and more than four years after the sale to the defendant's assignor, the County of Suffolk obtained from the County Treasurer a deed of the premises described in the county tax sale as certificate No. 217. On June 19, 1944, an offer made by the plaintiff Tolfree was accepted by the County of Suffolk, whereby the County of Suffolk agreed to convey to the plaintiff Tolfree the 3,000 acres including the 298 acres involved, and the plaintiff, in turn, would convey back to the county, free and clear of any mortgages, a portion of the property to be used by the county for the construction of roads, highways, parks, etc., in addition to the payment to the county of the sum of $25,000, consisting of a credit of $5,540.87 and $19,459.13 in cash. This transaction was completed and the plaintiff Tolfree received quitclaim deeds to the property involved. Upon the payment of $19,459.13 to the County Treasurer, an entry was made by him to the effect that the payment was in redemption of the sale to the county and a certificate of cancellation of the sale was issued. This notation was subsequently declared erroneous by the treasurer and a certificate setting aside the cancellation of the sale to the county was thereafter executed. After the county had conveyed the property involved and in September, 1944, the defendant first made a demand upon the County Treasurer for a tax deed covering her tax lien. This demand was refused and the defendant then instituted action to compel the issuance of the deed. After motions, appeals and trial the defendant was given a deed by the County Treasurer.

These facts pose the following questions for the court to determine: (1) Whether as between different tax liens the last tax levy is superior and paramount to the lien of all other taxes; (2) whether the quitclaim deeds given by the County of Suffolk are superior and paramount to the tax deed given to the defendant; (3) whether the " erroneous " act of the County Treasurer in marking his books to the effect that the property was redeemed and issuing a certificate of cancellation is binding upon the plaintiffs and the County Treasurer even though subsequently corrected without any action to review such improper notations, and (4) whether the agreement entered into between the County of Suffolk and the plaintiff Tolfree was a redemption of the tax sale assuming the tax law prohibited a record title holder from making such purchase suffered as a result of his default.

With reference to the first question, it has been held that the last tax levy by a municipality is the paramount tax. Section 60 of the Suffolk County Tax Act has been construed to such effect (L. 1920, ch. 311, as amd. by L. 1929, ch. 152). (See *Village of Babylon* v. *South Shore Thrift Corp.*, 174 Misc. 738.) The Legislature by the Laws of 1940 (ch. 303) incorporated this ruling into section 99 of the Tax Law. Though it has been held by the Court of Appeals in *Field* v. *Stalica* (290 N. Y. 181) that such section was not retroactive, the intent expressed therein, in addition to the force and effect of sections 32 and 60 of the Suffolk County Tax Act, are sufficient guiding posts for this court to determine that the last tax lien has priority over previous tax liens.

The second question should also be decided in the affirmative. Under section 53 of the Suffolk County Tax Act the County Treasurer has the power and right, where such real estate has not been redeemed (after three years; Suffolk County Tax Act, § 49) to execute to a purchaser, including the county (upon the compliance of certain conditions including notice to all parties to redeem), a deed conveying the real estate sold, which conveyance shall vest in the grantee an absolute estate in fee. Such conveyance is presumptive evidence that the sale was regular and that all notices required by law to be given with respect to redemptions were given. The county having acquired and perfected its title under this section and such title not having been attacked, it received an absolute estate in fee which extinguished all prior titles and incumbrances including the defendant's tax lien and subsequent tax deed. (See *Hefner* v. *Northwestern Life Ins. Co.*, 123 U. S. 747, 751; *Lee* v. *Farone*, 261 App. Div. 674, affd. 288 N. Y. 517.) Under those circumstances, the county by its quitclaim deeds conveyed to the plaintiff Tolfree a superior and paramount title to the property over and above any interest or claim the defendant may have had.

Defendant's contention that plaintiffs' title has been defeated and discharged by the County Treasurer recording on his books that the agreement between the plaintiff and the county was a redemption and by issuing a certificate of redemption canceling the sale of the 1939–1940 taxes is unsound. This same question came before the court in *Matter of Connolly* v. *Burns* (185 Misc. 953, affd. 270 App. Div. 772) wherein the present defendant was the plaintiff. The court there held that the notations upon the records of the County Treasurer's office were made in error. The County Treasurer was justified in acting under

section 141 of the Tax Law, superseded by section 40-e of the Suffolk County Tax Act (added by L. 1941, ch. 99), in setting aside the erroneous markings of the cancellation of sale. Plaintiff Tolfree's agreement with the Board of Supervisors acting for the county and culminating in the quitclaiming of the property to the plaintiff was not an act of redemption. The county having acquired the property by a proper and perfected deed from the County Treasurer in its corporate capacity (see *Matter of Connolly* v. *Burns*, 269 App. Div. 844) had the authority and right under section 46 of the Suffolk County Tax Act to sell the land thus acquired upon terms prescribed by them and set forth by resolution. This statute having been complied with by the county, the plaintiff Tolfree acquired a new title from the county in his capacity as a purchaser and not as a former owner of the property.

Having determined all questions favorably for the plaintiff, it is academic to discuss the question of redemption by the plaintiff-mortgagee Patterson, as only the defendant alleged that such redemption was invalid.

Judgment for plaintiffs granted, together with costs. Counterclaims dismissed on the merits.