Settle orders to be entered on notice.

In the Matter of EDWARD BLATNICKY, Appellant, against S. J. CIANCIMINO, as County Treasurer of Rockland County, Respondent.

Second Department, April 16, 1956.

*I. Robert Broder* for appellant.

*Stephen G. Doig, Jr., County Attorney,* for respondent.

WENZEL, J.  Appellant, an owner of a tax sale certificate issued to him by a County Treasurer of Rockland County, instituted this proceeding to compel respondent, the present County Treasurer, to execute a tax deed to him, as a duty allegedly enjoined upon respondent by law (Tax Law § 154; see, e. g., *Matter of Clementi* v. *Jackson,* 92 N. Y. 591, 596). The appeal is from an order, entered without a hearing, dismissing the petition on the merits.

Within two months after the issuance of the tax sale certificate to appellant in 1948, a law firm redeemed the real property by paying the amount prescribed for redemption. There may be an issue as to whether the law firm purported to act on behalf of the record owner or on behalf of his estate. When the tax sale was held, the person against whom the real property was assessed was dead, but no application for letters of administration was made until 1951, and no letters were issued until 1952.

Section 152 of the Tax Law provides that the " owner, occupant *or any other person* may redeem any real estate sold for taxes as aforesaid at any time within one year after the last day of each sale " (emphasis supplied). Appellant contends that, under the rule of *ejusdem generis,* no person who does not have an interest in the real property may redeem. He argues that a factual issue exists as to whether the law firm had any interest in the property and that there was no proof that the redemption was authorized or ratified by anyone having an interest in the property.

The determination herein must be predicated upon the basis that the right of redemption exists only as permitted by statute and under such conditions as the statute may attach (*City of New Rochelle* v. *Echo Bay Waterfront Corp.,* 268 App. Div. 182, 191, affd. 294 N. Y. 678; *Mabie* v. *Fuller,* 255 N. Y. 194, 197).

In *People ex rel. March* v. *Campbell* (143 N. Y. 335, 338), the court upheld the denial of an application for redemption made by one who did not show that he had any interest in the premises although the statute provided that the " occupant, or any other person, may  *  *  *  redeem the said land " (L. 1855, ch. 427, § 70). The court held that the statute did not entitle a stranger to redeem; that " its general phraseology was designed to include any other person than the occupant having, or claiming in good faith to have, such substantial interest in the premises as would entitle him to redeem " and that the " pernicious practice that obtains of permitting a stranger to the title to intervene and set the machinery of the comptroller's office in motion in order that he may redeem lands sold for taxes has no foundation in law."

That determination is distinguishable from the instant proceeding. In that proceeding, the application to redeem was made by the relator who signed as " P. J. Marsh, Agt." without disclosing that he had any interest in the premises to be redeemed, the record did not show the meaning of the word " Agt.", and the application was denied. In the proceeding now before us, the application to redeem was made by attorneys

who purported to act for a person or persons who had an interest in the property and the sum tendered was accepted by the County Treasurer.

Even if we assume that the County Treasurer had no right to accept the sum tendered for redemption without proof that the law firm was actually authorized to redeem by an heir or heirs of the record owner or by other persons having a bona fide interest in the property, the fact remains that the sum tendered was accepted by the County Treasurer. Even if the person redeeming had no interest in the property, the owners could take advantage of the redemption to protect their title. The heirs were not required to offer to redeem when such an offer might well have been refused on the ground that redemption had already taken place. To hold that a redemption order may be vacated by a County Treasurer or that the redemption may be held to be invalid on the ground that it had not been authorized by an interested party, although the sum prescribed by statute was timely tendered to, and accepted by, the County Treasurer, might put an owner's title under a cloud and would add another element in the uncertainty of titles (see, e.g., *People ex rel. Chase* v. *Wemple,* 144 N. Y. 478, 482). In that case, it was held that the comptroller, having made a redemption order although an alleged occupancy was disputed by the relator, had no power to vacate the redemption order; that "the latter authority would keep the owner's title under a continual cloud; for if, notwithstanding his redemption, it is subject to be annulled and vacated by the order of the comptroller very little of protection or security has been gained."

The present situation is distinguishable from one where an erroneous notation has been made by a County Treasurer that a redemption had taken place, when in fact the transaction was not a redemption at all (*Matter of Connolly* v. *Burns,* 185 Misc. 953, affd. 270 App. Div. 772 and 272 App. Div. 769, motion for leave to appeal dismissed 297 N. Y. 590; *Tolfree* v. *Connolly,* 188 Misc. 689, affd. 271 App. Div. 1033, motion for leave to appeal denied 272 App. Div. 824, and 297 N. Y. 1041).

In 1881 and 1885, when the tax sales involved in *People ex rel. Marsh* v. *Campbell* (143 N. Y. 335, *supra*) took place, all tax titles were under suspicion and often led to protracted litigation. "The state of the law as expressed in the statute and construed in judicial opinions resulted in chaotic conditions in relation to tax titles" (*Mabie* v. *Fuller,* 255 N. Y. 194, 198, *supra*). Since then, the Legislature has enacted many statutes for the purpose of perfecting tax titles and avoiding litigation in regard to the validity of tax sales and tax titles (*Mabie* v.

*Fuller, supra; City of New Rochelle* v. *Echo Bay Waterfront Corp.,* 268 App. Div. 182, affd. 294 N. Y. 678, *supra; Matter of Kantor [Hutner],* 280 App. Div. 605; *Swidler* v. *Knocklong Corp.,* 305 N. Y. 527, motion for reargument denied 306 N. Y. 600, certiorari denied 347 U. S. 917).

Between 1893 and 1930, section 152 of the Tax Law and its predecessor statute provided that the " owner, occupant or any other person having an interest in any real estate sold for taxes " may redeem the same at any time within one year after the last day of the sale held by the County Treasurer (L. 1893, ch. 711, § 33; L. 1896, ch. 908; L. 1928, ch. 738). By chapter 99 of the Laws of 1930, the section was amended to read that the " owner, occupant or any other person may * * * redeem any real estate sold for taxes " within one year after the last day of the sale. That the omission of the phrase " having an interest in any real estate sold for taxes " after the words " or any other person " was deliberate and intentional is evidenced by the re-enactment of the aforesaid 1930 amendment in subsequent amendments to the section (L. 1932, ch. 335; L. 1933, ch. 723; L. 1934, ch. 630; L. 1940, ch. 781).

In 1932, the section was amended to provide specifically for reimbursement of the sums paid by the purchaser for redemption from prior or subsequent tax sales (L. 1932, ch. 335). When it was amended by chapter 723 of the Laws of 1933 to provide for a special interest rate on tax sale certificates issued in Rockland County, the amendment provided that in " the county of Rockland such redemption may be made by the same persons and in all respects in the same manner and subject to all the provisions of this chapter, except that the interest to be paid upon the sum mentioned in the certificate of sale upon such redemption shall be calculated ". As amended by chapter 781 of the Laws of 1940, the section read: " The owner, occupant or any other person may redeem any real estate sold for taxes as aforesaid at any time within one year after the last day of each sale, by paying to the county treasurer of the county, for the use of the purchaser, or those claiming under him, the sum mentioned in the certificate of sale, together with interest thereon at the rate of ten per centum per annum except in the county of Rockland where interest shall be paid at the rate of seven per centum per annum * * * and any * * * other charges allowed by law * * * which the holder of said certificate shall have paid between the days of sale and redemption * * * provided such purchaser, or those claiming under him, shall have notified the county treas-

urer immediately upon the payment thereof and such sums as may have been paid by such purchaser, or those claiming under him for redemption of such land from prior or subsequent tax sales thereof, with interest thereon at the rate of six per centum per annum from the date of payment. In the count[y] of Rockland * * * such redemption may be made by the same persons and in all respects in the same manner and subject to all the provisions of this chapter, except that the interest to be paid upon the sum mentioned in the certificate of sale upon such redemption shall be calculated at the rate of ten per centum per annum from the date of sale if the redemption be made within second or third years.''

The deliberate omission of words from section 152 of the Tax Law pursuant to the 1930 amendment and the wording of the section as thereafter amended should be construed as involving a legislative intent to modify the rule expressed in *People ex rel. Marsh* v. *Campbell* (143 N. Y. 335, *supra*). The rule of *ejusdem generis* is only a rule of construction that must yield to the evident purpose of the Legislature in enacting amendatory statutes, for that rule of construction is controlled by another rule that statutes should be construed to carry out the objects sought to be accomplished by them (*People* v. *Kaye*, 160 App. Div. 644, 647, affd. 212 N. Y. 407, 411, motion for reargument denied 213 N. Y. 648). The words of a statute '' are to have a rational interpretation, to be collected from the words and the policy which may be reasonably supposed to have dictated the enactment, and the interpretation may be rigorous or liberal, depending upon the interests with which it deals '' (*Palmer* v. *Van Santvoord*, 153 N. Y. 612, 616).

After the long history of legislation to perfect and simplify tax sales and tax titles, it would be illogical to conclude that the Legislature, by the aforesaid 1930 amendment, was throwing the door open to uncertainty and litigation by eliminating what appellant calls unnecessary verbiage (see, e.g., *Feyler* v. *Mortimer*, 299 N. Y. 309, 315). In construing a statute, the court should assume that the Legislature did not deliberately place a phrase therein which was intended to serve no useful purpose (*Matter of Smathers*, 309 N. Y. 487, 495). We should not lightly read into a statute a limitation for which we find no sound reason and which renders the amendment futile (*Lederer* v. *Wise Shoe Co.*, 276 N. Y. 459).

When appellant purchased the tax sale certificate, he did not pay the tax and acquire title to the real property (Tax Law, §§ 151–155, 163-b; *Matter of Clementi* v. *Jackson*, 92 N. Y. 591, *supra*). Such rights as he acquired could be satisfied by timely

payment of the amount prescribed for redemption. His inchoate right to a conveyance of the real property would mature only in the event that such payment was not made. When the sum prescribed for redemption was timely paid to, and accepted by, the County Treasurer, appellant's inchoate right could no longer mature.

Our conclusions as to the legislative intent found in the amendments to section 152 of the Tax Law are fortified by an analysis of sections 127, 136 and 137 of article 6 of the Tax Law, which provides for sales by the State for unpaid taxes and for the redemption of land. Article 7 similarly relates to counties. Section 158 of article 7 provides that the provisions of article 6 shall, insofar as not otherwise provided, govern and control the actions of County Treasurers. The two articles are *in pari materia* and should be considered together.

Prior to 1932, section 127 of the Tax Law and its predecessor statute provided that the '' owner or occupant of any lands sold   *   *   *   or any other person having an interest therein at the time of the sale, may redeem the same from such sale '' (L. 1893, ch. 711, § 7; L. 1896, ch. 908; L. 1928, ch. 845). By chapter 335 of the Laws of 1932, the section was amended to provide that the '' owner or occupant of any lands sold   *   *   * or any other person, may redeem the same from such sale ''. Sections 136 and 137 have additional provisions for those cases where the lands are occupied. By chapter 335 of the Laws of 1932, they were similarly amended by substituting provisions authorizing redemption by the occupant or any other person for provisions authorizing redemption by the occupant or any other persons having an interest therein at the time of the sale.

There is no need to determine the effect of the failure of appellant, who when he purchased the tax certificate was, and still is, in the military service, to make a written demand for a conveyance of the land within five years after the sale (see, e.g., Tax Law, § 131) or whether such failure has been affected by the alleged oral demands for a conveyance made in his behalf during that period and by the refusals of the County Treasurer to execute a conveyance on the ground that a valid redemption had been made.

The order should be affirmed, with $50 costs and disbursements.

Present — NOLAN, P. J., WENZEL, UGHETTA, HALLINAN and KLEINFELD, JJ.

Order unanimously affirmed, with $50 costs and disbursements.