Nicholas M. Pette, J.
In this article 78 proceeding, petitioner seeks an order directing the respondent Harold Birns “ To rescind and revoke the certificate permitting the construction and maintenance of a swim club, at premises 28-55 216th Street, Bayside, New York ” and further directing the respondent Clearview Gardens Pool Club, Inc.: “ To restrain from any
further construction of the said swim club, pursuant to said certificate of the Department of Buildings, until the determination of the within application. ’ ’
Respondent Birns, before answer, moves pursuant to section 1293 of the Civil Practice Act, to dismiss the petition as a matter *191 of law and upon the grounds that (1) it does not state facts sufficient to constitute grounds for the relief sought therein, (2) it does not allege that the petitioner has exhausted its administrative remedies, and (3) the petitioner is not a proper aggrieved party in interest.
Respondent Clearview Gardens Pool Club, Inc., after answer, cross-moves pursuant to rules 112 and 113 of the Rules of Civil Practice for judgment on the pleadings and summary judgment, respectively. Technically, of course, a motion for judgment on the pleadings or for summary judgment, under the above-cited rules, is not available in a special proceeding. Substantially the same practice, however, is prescribed by sections 1291, 1293 and 1295 of the Civil Practice Act. (Matter of Auer v. Dressel, 306 N. Y. 427, 431; Matter of Rotkiewicz v. Department of Mental Hygiene, 283 App. Div. 458, 461, affd. 307 N. Y. 847; Matter of Ackerman v. Kern, 256 App. Div. 626, affd. 281 N. Y. 87; Matter of Connolly v. Burns, 185 Misc. 953, 954, affd. 272 App. Div. 769, motion for leave to appeal dismissed 297 N. Y. 590.)
A recital of the merits would serve no useful purpose since, in the opinion of the court, the petition must be dismissed on procedural grounds. First, the petitioner is not a property owner and thus has no standing to bring this proceeding. (Matter of Moore v. Burchell, 14 A D 2d 572 [and many cases there cited], motions for leave to appeal denied 14 A D 2d 692, motion for leave to appeal denied 10 N Y 2d 709.) And secondly, the petitioner has not exhausted its administrative remedies.
“ Mandamus will not issue where another remedy is available or provided by law.” (Matter of Towers Management Corp. v. Thatcher, 271 N. Y. 94, 97; see Civ. Prac. Act, § 1285, subd. 4.) ‘ ‘ Although there are exceptions to the general rule above mentioned, they are cases ‘ such as where a statute is unconstitutional, or where there is no statute at all, or where the statute by its own terms does not apply in a given case.’ (Matter of 109 Beach 29th St. Corp. v. Archer, 188 Misc. 769, 771.) ” (Matter of City Title Ins. Co. v. Orgel, 2 A D 2d 250, 252.) No such or similar exception is present in the instant case.
The crucial statute here is section 11 — 31 of the new Zoning Resolution of the City of New York, which became effective December 15, 1961. Under that section a lawfully issued permit includes one which is based upon an approved application showing complete plans and specifications, provided that the application was filed before the effective date. Furthermore, that same section vests in the Commissioner of Buildings the authority to determine a dispute whether an application includes complete *192 plans and specifications, and power to review the Commissioner’s determination is vested in the Board of Standards and Appeals (New York City Charter, § 645, snbd. b; § 648; § 666, subd. 6, par. [a] [1938]; new Zoning Resolution, § 11-34).
True, petitioner alleges in paragraph 13 of its petition “ That the respondent hahold birns had no authority in law or otherwise, to cause said certificate aforementioned to be issued to the respondent clearview gardens pool club, inc., as aforesaid, because plans for the same were not duly filed with the Department of Buildings in accordance with the intention and meaning of the zoning resolution in existence prior to December 15,1961; and/or the adopting of a new zoning resolution on the said date, would enjoin the issuance of a certificate for construction, on a date subsequent thereto.” But it was for respondent Birns to determine, in the first instance, whether the application as filed was within the provisions of section 11-31 of the new zoning resolution. No question of unconstitutionality or invalidity being here involved, petitioner, if otherwise eligible, was compelled to review said respondent’s determination by an appeal to the Board of Standards and Appeals. (Cf. Matter of Scarsdale-Harney Corp. v. Briante, 11 A D 2d 777.)
Accordingly, the motion and cross motion are granted and the petition dismissed upon the grounds that petitioner is not a person aggrieved and that even if it were it has not exhausted its administrative remedies.