■ JEGAMONT REALTY CORPORATION, Appellant, v STATE OF NEW YORK, Respondent.—Mikoll, J. Appeal from an order of the Court of Claims (McCabe, Jr., J.), entered January 29, 1987, which granted the State's motion to dismiss the claim.

On September 11, 1984 the State filed appropriation map No. 803 with the County Clerk of Orange County and appropriated approximately 2.2 acres of land located in the county. On September 7, 1983 the property had been conveyed to the county following a foreclosure sale for nonpayment of property taxes. The tax deed recorded in the County Clerk's office on the same date purported to convey the right, title and interest of Gedney Meadows Realty Corporation in the property. The tax deed contained the notation: "Gedney Meadows Realty Corp. (Reputed Owner-Jegamont Rlty Corp.)" in the description of the property conveyed.

On June 19, 1986 claimant, Jegamont Realty Corporation, filed the instant claim against the State for compensation for

the appropriation of the 2.2 acres of property in dispute. The State moved to dismiss the claim on the ground that the claim fails to state a cause of action and the court lacks jurisdiction over the subject matter "because the claimant lacks title to the property". In opposition to the motion claimant, in an affidavit by its president, Gus Gekakis, asserted that his corporation redeemed the property six days after it was transferred to the county on September 13, 1983. Gekakis stated that he was tendered a deed by the county when the property was redeemed but that he lost the deed and never had it recorded. He also averred that a check with the County Commissioner of Finance revealed that the property was redeemed on September 13, 1983 and is owned by claimant. Claimant also submitted a copy of a January 7, 1986 letter from Kevin T. Dowd, Chief Assistant County Attorney, which acknowledged that claimant paid the purchase price for the property and that records of the county Department of Finance indicated that the parcel was purchased in 1983. Dowd's letter also referred to a letter dated October 5, 1983 to claimant which purportedly accompanied the original deed. According to the State, the papers submitted in opposition to its motion to dismiss were insufficient to indicate payment of any moneys to the county in a redemption proceeding or that a deed in fact was tendered by the county to claimant. The Court of Claims, without any written opinion or memorandum, granted the State's motion and dismissed the claim. This appeal ensued.

There should be a reversal. The proof submitted by claimant indicates that questions of fact exist as to the ownership interest claimant possessed in the property. Although claimant appears not to have been the record owner of the property, it may still establish that it had an ownership interest in the property (see, 51 NY Jur 2d, Eminent Domain, § 382, at 576-577; see also, Real Property Tax Law § 1010; Matter of Blatnicky v Ciancimino, 1 AD2d 383, affd 2 NY2d 943). It should be given the opportunity to present its evidence on this issue in a full trial.

Order reversed, on the law, with costs, and motion denied. Kane, J. P., Mikoll, Levine, Harvey and Mercure, JJ., concur.