■ HERSHEL SARBIN et al., Appellants, v SOUTHWEST MEDIA CORPORATION et al., Respondents.

In a dispute where plaintiffs claim that defendants owe them $125,000, plaintiffs accepted and deposited a check for $30,000, explicitly tendered by defendants in full settlement of all claims, without any restrictive endorsement or other contemporaneous or prior reservation of rights. Not until nearly a week later did plaintiffs purport to reserve their rights by letter. While a letter can be sufficient to reserve rights under UCC 1-207 *(Ayer v Sky Club,* 70 AD2d 863, *appeal dismissed* 48 NY2d 705), we are unaware of any case that has ever expressly interpreted that provision to allow a reservation of rights by letter several days after a settlement check had already been accepted without any contemporaneous reservation of rights. While certain sections in article 2 of the Uniform Commercial Code do allow a protest to be made within a reasonable time after delivery, similar language is not employed in UCC 1-207. The deliberate omission of words from a statute indicates a specific legislative intent *(see, Matter of Blatnicky v Ciancimino,* 1 AD2d 383, 388, *affd* 2 NY2d 943), and we decline to read into UCC 1-207 what the Legislature intended to omit *(see, Matter of Prospect v Cohalan,* 109 AD2d 210, 218, *affd* 65 NY2d 867, *rearg denied* 65 NY2d 1026). Accordingly, we agree with the IAS court that a letter purporting to reserve rights under UCC 1-207 is untimely and ineffective if it does not precede or accompany the unrestricted acceptance of the settlement check. Concur—Sullivan, J. P., Kupferman, Ross and Kassal, JJ.